**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
CHARISS FINAN, *et al.*,                 :
                                                        :
         Plaintiffs,                  :
                                                        :
                v.                      :
                                                        :    22-cv-07831 (NGG) (PK)
LAFARGE S.A., *et al.*,                    :
                                                        :
         Defendants.         :
------------------------------------------------------- x
                                                        :
TAMARA FIELDS, *et al.*,               :
                                                        :
         Plaintiffs,                  :
                                                        :
                v.                      :    23-cv-00169 (NGG) (PK)
                                                        :
LAFARGE S.A., *et al.*,                    :
                                                        :
         Defendants.         :
------------------------------------------------------- x
                                                        :
DIANE FOLEY, *et al.*,                  :
                                                        :
         Plaintiffs,                  :
                                                        :
                v.                      :
                                                        :    23-cv-05691 (NGG) (PK)
LAFARGE S.A., *et al.*,                    :
                                                        :
         Defendants.         :
------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANTS' MOTION FOR RECONSIDERATION</u>**

Case 1:23-cv-05691-NGG-PK    Document 101-1    Filed 09/12/25    Page 2 of 10 PageID #: 6911

Jay K. Musoff
John Piskora
Chloe Gordils
**LOEB & LOEB LLP**
345 Park Avenue
New York, NY 10154
Telephone:    212-407-4212
Facsimile:     212-407-4990

*Attorneys for Lafarge S.A.,
Lafarge Cement Holding Limited, and
Lafarge Cement Syria S.A.*

ii

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

BACKGROUND ............................................................................................................................. 1

    A.    Relevant Allegations in the Amended Complaints. .................................................. 1

    B.    The Parties' Supplemental Authority Letter Briefing on *Fuld*. ................................ 2

    C.    The Court's Order Granting in Part and Denying in Part Defendants' Motions to Dismiss. ................................................................................................... 2

ARGUMENT .................................................................................................................................. 2

I.    THE COURT SHOULD GRANT RECONSIDERATION OF ITS HOLDINGS ON PERSONAL JURISDICTION AND CONSPIRACY LIABILITY. .............................. 2

    A.    The Court's Personal Jurisdiction Holding Overlooks a Dispositive, Controlling Issue of Law. ......................................................................................... 3

    B.    The Court's Conspiracy Holding Overlooks a Dispositive, Controlling Issue of Law. ................................................................................................................ 4

CONCLUSION ............................................................................................................................... 5

## TABLE OF AUTHORITIES

### CASES

*Freeman v. HSBC Holdings PLC*,
  57 F.4th 66 (2d Cir. 2023) ............................................................................................. 4, 5

*Fuld v. Palestine Liberation Org.*,
  601 U.S. 1 (2025) ............................................................................................................ 2, 3

*Halberstam v. Welch*,
  705 F.2d 472 (D.C. Cir. 1983) ............................................................................................ 4

*Porina v. Marward Shipping Co.*,
  521 F.3d 122 (2d Cir. 2008) ............................................................................................... 3

*Reynolds v. Giuliani*,
  No. 98 Civ. 8877(WHP), 2005 WL 351729 (S.D.N.Y. Feb. 14, 2005) .............................. 3

*Shrader v. CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995) ................................................................................................. 3

*United States v. Beech-Nut Nutrition Corp.*,
  871 F.2d 1181 (2d Cir. 1989) ............................................................................................. 5

*United States v. Khalupsky*,
  5 F.4th 279 (2d Cir. 2021) .................................................................................................. 4

### RULES

CPLR § 302(a)(1) .................................................................................................................. 1, 2

Fed. R. Civ. P. 4(k)(2) .......................................................................................................... 1, 2

Fed. R. Civ. P. 12(b)(2) ............................................................................................................ 1

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 1

Local Civil Rule 6.3 .................................................................................................................. 2

### STATUTES

18 U.S.C. § 2333(d) ................................................................................................................. 1

18 U.S.C. § 2334(e)(1), (5) ...................................................................................................... 3

Defendants Lafarge S.A., Lafarge Cement Holding Limited, and Lafarge Cement Syria S.A. respectfully submit this memorandum of law in support of their motion for reconsideration of the portions of the Court's Memorandum & Order ("Order") (i) exercising personal jurisdiction over Defendants pursuant to Rule 4(k)(2) and (ii) denying Defendants' motion to dismiss the ATA conspiracy claims for failure to state a claim under Rule 12(b)(6).

## BACKGROUND

**A.     Relevant Allegations in the Amended Complaints.**

In each action, Plaintiffs sued Defendants for violating the ATA's secondary liability provisions. *See* 18 U.S.C. § 2333(d). As relevant here, Plaintiffs asserted JASTA conspiracy claims, alleging conspiracies between Defendants and FTOs (i) to provide material support, (ii) to maintain ISIS's territorial control of Syria and Iraq, and/or (iii) to bring about acts of international terrorism against Americans. (*Foley*, ECF No. 68 ¶¶ 415-32; *Fields*, ECF No. 55 ¶¶ 421-30; *Finan*, ECF No. 70 ¶¶ 409-18.)

Defendants are foreign, private-sector companies domiciled in France, Cyprus and Syria. (*Foley*, ¶¶ 12-14; *Fields*, ¶¶ 45-49; *Finan*, ¶¶ 30-32.) Plaintiffs asserted that Defendants were subject to personal jurisdiction pursuant to either the New York long-arm statute, CPLR § 302(a)(1), or the Federal long-arm rule, Federal Rule of Civil Procedure 4(k)(2). (*Foley*, ¶ 24; *Fields*, ¶ 61; *Finan*, ¶ 44.) For Rule 4(k)(2), Plaintiffs alleged personal jurisdiction "based on Defendants' use of New York banks and U.S.-based email service providers in carrying out their scheme." (*Foley*, ¶ 24; *Fields*, ¶ 61; *Finan*, ¶ 44.)

Defendants moved to dismiss Plaintiffs' Complaints for lack of personal jurisdiction under Rule 12(b)(2) and for failure to state a claim under Rule 12(b)(6). (*Foley* ECF No. 25, 73; *Fields* ECF No. 26, 60; *Finan* ECF No. 40, 75.)

1

**B.    The Parties' Supplemental Authority Letter Briefing on *Fuld*.**

While Defendants' motions to dismiss were pending, the Supreme Court issued its opinion in *Fuld v. Palestine Liberation Org.*, 601 U.S. 1 (2025).  On July 10, 2025, Plaintiffs filed a joint notice of supplemental authority (*Foley*, ECF No. 94), and Defendants submitted a response letter on July 17, 2025 (*Foley*, ECF No. 95).  Given the constraints of supplemental letter briefing, Defendants also offered to submit "additional briefing on the inapplicability of the *Fuld* decision."

**C.    The Court's Order Granting in Part and Denying in Part Defendants' Motions to Dismiss.**

On August 29, 2025, the Court issued its Order.  Although the Court declined to exercise jurisdiction under CPLR § 302(a), it held that Defendants were subject to personal jurisdiction pursuant to Rule 4(k)(2) in light of the Supreme Court's decision in *Fuld*.  Relying on *Fuld* alone, the Court held that "because Plaintiffs claims 'arise under federal law' and implicate important foreign policy and national security concerns, this Court's exercise of personal jurisdiction over Defendants is consistent with the United States Constitution and laws."  (*Id.* at 36-37.)

The Court also upheld the JASTA conspiracy claims (while dismissing the aiding-and-abetting claims), holding that Defendants' alleged "interest in maintaining their cement operations in Syria and excluding competitors from the local market" converged with the FTO's "purpose of building and maintain a geographic strong hold, or 'caliphate.'"  (*Id.* at 48.)

**ARGUMENT**

**I.    THE COURT SHOULD GRANT RECONSIDERATION OF ITS HOLDINGS ON PERSONAL JURISDICTION AND CONSPIRACY LIABILITY.**

Under Local Civil Rule 6.3, reconsideration is appropriate where "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might

2

reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

A.   **The Court's Personal Jurisdiction Holding Overlooks a Dispositive, Controlling Issue of Law.**

The Court should reconsider its holding that Rule 4(k)(2) automatically permits the exercise of personal jurisdiction over private-sector foreign defendants in ATA cases because the ATA "implicate[s] important foreign policy and national security concerns." (Order at 37.) Under controlling Second Circuit law, Rule 4(k)(2) "allows the exercise of personal jurisdiction by a federal district court" only if, among other things, the foreign defendants have "sufficient affiliating contacts with the United States in general." *Porina v. Marward Shipping Co.*, 521 F.3d 122, 127 (2d Cir. 2008). This Court overlooked *Porina* by holding that the ATA's foreign policy and national security concerns justify exercise of jurisdiction over these foreign Defendants despite their lack of affiliating contacts with the United States. (Order at 37.)

Although this Court relied on the Supreme Court's recent *Fuld* decision, it reached a conclusion far more sweeping than *Fuld* can support. In *Fuld*, the Court blessed a specific jurisdiction-granting statute under Rule 4(k)(1) that targeted the defendants—the Palestinian Authority and Palestine Liberation Organization—"by name." 606 U.S. 8 (citing 18 U.S.C. § 2334(e)(1), (5)). But Rule 4(k)(2) is at issue here and Defendants are private, foreign companies, not "*sui generis*" targets of a specific jurisdiction-granting statute. *Id.* at 22. Further, that Congress enacted a statute to provide jurisdiction over the Palestinian organizations in narrowly-tailored circumstances evidences Congress's intent *not* to grant jurisdiction in ATA cases more broadly *sub silentio*. This Court should reconsider its jurisdictional holding, particularly because it was made without the benefit of full briefing on the novel legal issue. *See Reynolds v. Giuliani*, No.

3

98-CV-8877, 2005 WL 351729, at *1 (S.D.N.Y. Feb. 14, 2005) (granting reconsideration where the "issue concerning Eleventh Amendment immunity was not fully briefed or argued").

Alternatively, because this Court is the first to assert *Fuld* jurisdiction over entities not specifically targeted by a jurisdiction-granting statute, it should authorize an interlocutory appeal, as requested in a separate filing.

**B.     The Court's Conspiracy Holding Overlooks a Dispositive, Controlling Issue of Law.**

The Court should reconsider its holding that parties with mismatched objectives can form a JASTA conspiracy so long as their interests "converge" and are not at "cross-purposes." (Order at 48.) In *Freeman v. HSBC Holdings PLC*, 57 F.4th 66, 79 (2d Cir. 2023), the Second Circuit squarely held that a JASTA conspiracy claim must "allege that the coconspirators were 'pursuing the same object.'" *Id*. at 79 (citation omitted). The JASTA conspiracy alleged in *Freeman* fell short of this standard because the complaint alleged mismatched objectives between the bank defendants, which were "evad[ing] U.S. sanctions," and the FTOs, which were "intend[ing] to kill or injure U.S. service members in Iraq." *Id.* at 80. "In the absence of any allegation that the Banks and the terrorist groups 'engaged in a common pursuit,'" the Second Circuit could not "identify 'any agreement' that could form the basis of a JASTA conspiracy between the Banks and the terrorist groups." *Id.* (alteration in original) (quoting *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983)).

This Court overlooked *Freeman*'s "common pursuit" requirement in upholding Plaintiffs' JASTA conspiracy claims. Although the Court acknowledged that "plaintiffs must allege that defendants had a common intent with a terrorist organization," it did not reference *Freeman* or apply the "common pursuit" standard when analyzing the coconspirators' alleged objectives. (Order at 48.) Instead, the Court applied a different conspiracy standard from *United States v.*

4

*Khalupsky*, 5 F.4th 279 (2d Cir. 2021), which posits that "[c]o-conspirators' goals 'need not be congruent for a single conspiracy to exist, so long as their goals are not at cross-purposes.'" *Id*. at 289 (citation omitted).  Under this watered-down standard, the Court held that Defendants' alleged interests in maintaining their cement operations in Syria were enough to plead a JASTA conspiracy with ISIS because they converged with ISIS's separate "purpose of building and maintaining a . . . caliphate." (Order at 48.)

In so holding, the Court overlooked that *Freeman* requires a "common pursuit"—not the pursuit of separate objectives that happen to converge.  Had the Second Circuit embraced that standard, the conspiracy in *Freeman* would have been sustained because the banks' objectives to evade U.S. sanctions converged with the FTOs' objectives to fund their attacks against U.S. service members in Iraq.  That the Second Circuit did not endorse this type of conspiracy, nor adopt the more lenient standard urged by the plaintiffs-appellants before it,[1] shows that this Court overlooked *Freemen* in analyzing the sufficiency of Plaintiffs' allegations in pleading a JASTA conspiracy.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their motion for reconsideration be granted.

---

[1] In *Freeman*, the plaintiffs-appellants unsuccessfully argued that coconspirators with incongruent objectives could form a JASTA conspiracy "so long as their goals are not 'at cross purposes.'" *See* Reply Brief for Plaintiffs-Appellants at 17, *Freeman*, 57 F.4th 66 (No. 19-3970), ECF No. 136 (quoting *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1191-92 (2d Cir. 1989)). They acknowledged that the *Freeman* court rejected this standard when they argued, in seeking rehearing *en banc*, that the panel erroneously required a "common pursuit" and should have sustained a conspiracy claim falling short of that standard, as long as coconspirators are "aware of the ultimate purpose of the illicit enterprises they join, even though they are not motivated by those purposes."  Petition for Rehearing En Banc *Id.* at 12 (citing *Beech-Nut Nutrition Corp.*, 871 F.2d at 1191-92), *Freeman*, 57 F.4th 66 (No. 19-3970), ECF No. 183.  The Second Circuit denied rehearing.  *See* Order 57 F.4th 66 (No. 19-3970), ECF No. 188.

5

Dated: New York, New York
September 12, 2025

      /s/ *Jay K. Musoff*
Jay K. Musoff
John Piskora
Chloe Gordils
**LOEB & LOEB LLP**
345 Park Avenue
New York, NY 10154
Telephone:	212-407-4212
Facsimile:	212-407-4990

*Attorneys for Lafarge S.A.,*
*Lafarge Cement Holding Limited, and*
*Lafarge Cement Syria S.A.*