IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANE FOLEY, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>LAFARGE S.A., *et al.*,<br><br>        Defendants. | Case No. 23-cv-05691-NGG-PK |
| CHARISS FINAN, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>LAFARGE S.A., *et al.*,<br><br>        Defendants. | Case No. 22-cv-07831-NGG-PK |
| TAMARA FIELDS, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>LAFARGE S.A., *et al.*,<br><br>        Defendants. | Case No. 23-cv-00169-NGG-PK |

**PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS'**
<u>**MOTION FOR RECONSIDERATION**</u>

Served On:  September 26, 2025

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

BACKGROUND ............................................................................................................... 1

ARGUMENT ..................................................................................................................... 2

    I.    Defendants Reargue Points They Already Raised And Lost............................... 2

    II.   There is Nothing for the Court to Reconsider.................................................... 3

CONCLUSION .................................................................................................................. 5

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**CASES**

*Caplan v. Dollinger*, 2025 WL 1808530 (S.D.N.Y. June 30, 2025) ...................................4

*Freeman v. HSBC Holdings PLC*, 57 F.4th 66 (2d Cir. 2023) .....................................3, 5

*Fuld v. Palestine Liberation Org.*, 82 F.4th 74 (2d Cir. 2023) ......................................4

*Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025) ................................................1, 4

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ......................................4

*Livnat v. Palestinian Auth.*, 82 F. Supp. 3d 19 (D.D.C. 2015),
    *aff'd*, 851 F.3d 45 (D.C. Cir. 2017) ................................................................4

*Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, 2025 WL 2613530
    (S.D.N.Y. Sept. 10, 2025) ................................................................................4

*Philadelphia Indem. Ins. Co. v. Yeshivat Beth Hillel of Krasna, Inc.*,
    2019 WL 3500944 (E.D.N.Y. July 31, 2019) ................................................2, 4

*Porina v. Marward Shipping Co.*, 521 F.3d 122 (2d Cir. 2008) ........................... 1-2, 3, 4

*Pro Bono Invs., Inc. v. Gerry*, 2008 WL 2354366 (S.D.N.Y. June 9, 2008) ....................3

*Rodriguez v. Dunn*, 2025 WL 2418394 (E.D.N.Y. July 24, 2025) ..................................2

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995) ............................................2

*Tsitrin v. Vitaliano*, 2013 WL 4069527 (E.D.N.Y. Aug. 12, 2013) ................................2

*United States v. Khalupsky*, 5 F.4th 279 (2d Cir. 2021) ................................................5

*Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151 (S.D.N.Y. 2014) ..............................3

**U.S. CONSTITUTION, STATUTES, AND RULES**

U.S. Const. amend. V ......................................................................................................4

U.S. Const. amend. XIV .................................................................................................4

Antiterrorism Act ("ATA"), 18 U.S.C. § 2333 ................................................................1

    18 U.S.C. § 2333(d) ..........................................................................................1

Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA"),
 Pub. L. No. 116-94, § 903, 133 Stat. 2534, 3081 (2019) ....................................................... 3

Fed. R. Civ. P. 4(k)(1) ......................................................................................................... 1, 4

Fed. R. Civ. P. 4(k)(1)(C) ....................................................................................................... 4

Fed. R. Civ. P. 4(k)(2) ................................................................................................. 1, 2, 3, 4

Fed. R. Civ. P. 12(b)(2) ........................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 1

**OTHER MATERIAL**

Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1075 (4th ed.) ................................................ 4

Defendants' motion for reconsideration is both procedurally flawed and substantively meritless. The Court should deny it.

## BACKGROUND

In 2010, Defendants opened a $680 million cement plant in northern Syria. *Foley* Dkt. 89 ("FAC") ¶¶ 46-47.[1] But rather than cut their losses when civil war broke out a year later, Defendants conspired with ISIS and ANF to ensure the groups' control of the area around the plant. *Id.* ¶¶ 258-60. For its crimes, Defendants pleaded guilty in this courthouse to conspiring to provide material support to ISIS and ANF. *Id.* ¶ 1. They paid nearly $778 million in criminal fines. *Id.*

Plaintiffs are the victims of the terrorist attacks Defendants funded. They allege that Defendants violated the Antiterrorism Act's secondary-liability provisions, 18 U.S.C. § 2333(d), by aiding and abetting ISIS's and ANF's terrorist attacks, and by entering a conspiracy with both terrorist groups. FAC ¶¶ 405-32. Plaintiffs also assert personal jurisdiction under Federal Rules of Civil Procedure 4(k)(1) and 4(k)(2). *Id.* ¶¶ 24-25.

Defendants moved to dismiss under Rules 12(b)(2) and 12(b)(6). *See* Dkts. 25, 73. While the motion was pending, the Supreme Court decided *Fuld v. Palestine Liberation Organization*, 606 U.S. 1 (2025).[2] Because *Fuld* held that courts assessing personal jurisdiction under the Fifth Amendment – and thus under Rule 4(k)(2) – should not apply the "minimum contacts" test the Second Circuit then prescribed, Plaintiffs filed a Notice of Supplemental Authority. *See* Dkt. 94. Defendants responded that "*Fuld* d[id] not disturb the jurisdictional

---

[1] All complaint and docket cites are to the *Foley* action unless otherwise specified. This brief is submitted jointly on behalf of the *Foley*, *Finan*, and *Fields* Plaintiffs.

[2] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

inquiry at issue under Rule 4(k)(2), as interpreted by controlling Second Circuit precedent: whether the defendant had sufficient 'affiliating contacts with the United States in general.'" Dkt. 95 at 3 (quoting *Porina v. Marward Shipping Co.*, 521 F.3d 122, 127 (2d Cir. 2008)).

The Court granted Defendants' motion in part and denied it in part. Dkt. 97 ("Order"). Relying on Rule 4(k)(2) and *Fuld*, the Court held it could exercise personal jurisdiction over Defendants. *Id.* at 34-37. On the merits, the Court held that Plaintiffs adequately alleged that Defendants entered a conspiracy with ISIS and ANF, in which all parties "intend[ed] the same thing: ISIS remaining in power." *Id.* at 48. The Court dismissed Plaintiffs' aiding-and-abetting claim. *Id.* at 43. Defendants now move for reconsideration on personal jurisdiction and conspiracy. *See* Dkt. 101-1.

## ARGUMENT

The standard for reconsideration is "strict." *Tsitrin v. Vitaliano*, 2013 WL 4069527, at *2 (E.D.N.Y. Aug. 12, 2013) (Garaufis, J.). It is not "a vehicle for a party dissatisfied with the Court's ruling to . . . take a 'second bite at the apple.'" *Id.* Rather, "reconsideration should be granted only when the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Philadelphia Indem. Ins. Co. v. Yeshivat Beth Hillel of Krasna, Inc.*, 2019 WL 3500944, at *2 (E.D.N.Y. July 31, 2019) (Garaufis, J.). Defendants do not meet this standard.

## I. DEFENDANTS REARGUE POINTS THEY ALREADY RAISED AND LOST

"Reconsideration is not a vehicle for relitigating old issues." *Rodriguez v. Dunn*, 2025 WL 2418394, at *2 (E.D.N.Y. July 24, 2025); *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided"). Yet Defendants' motion does just that.

2

On personal jurisdiction, Defendants argue (at 3-4) that this Court "overlooked" the Second Circuit's decision in *Porina*, which permitted personal jurisdiction under Rule 4(k)(2) only when the defendant has "sufficient affiliating contacts with the United States in general." 521 F.3d at 127. But Defendants' supplemental letter brief already quoted that exact language, citing that exact case. Dkt. 95 at 3. Defendants also contend (at 3) that Congress's enactment of the PSJVTA, which grants personal jurisdiction for the PLO and PA "by name," suggests that the ATA does "*not* . . . grant jurisdiction . . . more broadly" to other defendants. It made that same argument in its letter brief, too. *See* Dkt. 95 at 2 (arguing that *Fuld* "specifically rejected" personal jurisdiction over "*any* ATA defendant," and "was 'wary to'" extend jurisdiction "outside the limited and specific jurisdictional grant against the PLO and PA").

Similarly, for conspiracy, Defendants claim (at 4-5) the Court "overlooked" *Freeman v. HSCB Holdings, PLC* – specifically its language about co-conspirators engaging in a "common pursuit." 57 F.4th 66, 80 (2d Cir. 2023). Yet Defendants cited *Freeman* throughout their opening brief and its reply. *See* Dkts. 25, 27. The Court already addressed – and rejected – Defendants' reading of *Freeman*. *See* Order at 47-48. Again, Defendants offer no new argument for the Court to consider. It should deny the motion for that reason alone.

## II. THERE IS NOTHING FOR THE COURT TO RECONSIDER

Even if Defendants were not repeating themselves, the Court should deny the motion because its rulings on personal jurisdiction and conspiracy liability were correct. Defendants' contrary arguments are mere "disagree[ment]s" with the Court's decision, which "is not a basis for reconsideration." *Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151, 170 (S.D.N.Y. 2014); *Pro Bono Invs., Inc. v. Gerry*, 2008 WL 2354366, at *1 (S.D.N.Y. June 9, 2008) ("While the plaintiff disagrees with the Court's decision, that is not a basis for reconsideration.") (collecting cases).

On personal jurisdiction, Defendants are wrong (at 3) that *Porina* provides the governing test here. *Porina* transplanted the Fourteenth Amendment's minimum-contacts test into the Fifth Amendment. *See* 521 F.3d at 127 (applying *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)); *see Fuld v. Palestine Liberation Org.*, 82 F.4th 74, 104 (2d Cir. 2023) (describing *Porina* as "apply[ing] Fourteenth Amendment due process principles in a Fifth Amendment context"). But *Fuld* rejected just that approach, "declin[ing] to import the Fourteenth Amendment minimum contacts standard into the Fifth Amendment." 606 U.S. at 16. More than that, it overruled "the Second Circuit . . . precedent[ ] declin[ing] to apply a different jurisdictional test from the one required under the Fourteenth Amendment." *Id.* at 17. For that reason, two courts in this Circuit have already recognized that *Fuld* "abrogated," *Caplan v. Dollinger*, 2025 WL 1808530, at *6 (S.D.N.Y. June 30, 2025), and "extinguished," *Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, 2025 WL 2613530, at *11 (S.D.N.Y. Sept. 10, 2025), Second Circuit precedent equating the two tests. This Court's similar ruling is hardly the sort of "clear error" or "manifest injustice" that warrants reconsideration. *Philadelphia Indem.*, 2019 WL 3500944, at *2.

Defendants also argue (at 3) that *Fuld* "blessed a specific jurisdiction-granting statute under Rule 4(k)(1)," so its Fifth Amendment holding does not apply to cases (like this one) that involve Rule 4(k)(2). But "[f]or both Rule 4(k)(1)(C) and Rule 4(k)(2), . . . the outer limits of a federal court's ability to exercise personal jurisdiction [are] governed by the Due Process Clause of the Fifth Amendment." Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1075 (4th ed.). The meaning of the Fifth Amendment does not change based on which rule applies. *See Livnat v. Palestinian Auth.*, 82 F. Supp. 3d 19, 24 n.9 (D.D.C. 2015) ("[T]he Due Process inquiry under 4(k)(1)(C) is the same as under 4(k)(2)"). The Order thus correctly held (at 35-37) that *Fuld* applies here.

As for conspiracy, Defendants argue (at 4-5) that the Court incorrectly applied the "conspiracy standard from *United States v. Khalupsky*, 5 F.4th 279 (2d Cir. 2021)," when it should have applied a supposedly different standard from *Freeman*. But *Khalupsky* and *Freeman* articulate the same test: whether the defendant "agreed to participate in what he knew to be a collective venture directed toward a common goal." *Khalupsky*, 5 F.4th at 289; *cf. Freeman*, 57 F.4th at 79 (complaint must "allege that the coconspirators were pursuing the same object"). The two cases used varying linguistic formulations to convey the same core proposition: co-conspirators must pursue a common object but need not share the same motive. *See Khalupsky*, 5 F.4th at 288-90; *Freeman*, 57 F.4th at 79-83. The Order properly held (at 44-50) that the allegations here meet that test. Consistent with *Freeman*, the Court considered the detailed allegations and drew a plausible inference that Defendants and ISIS shared a common object – "ISIS remaining in power" – and that "'[i]n furtherance of this conspiracy, ISIS engaged in numerous overt acts both in and expressly aimed at the United States' that caused mortal injuries to Plaintiffs and their relatives." Order at 48. That remains correct.

Defendants respond (at 5) that, under the Court's ruling, "the conspiracy in *Freeman* would have been sustained because the banks' objectives to evade U.S. sanctions converged with the FTOs' objectives to fund their attacks against U.S. service members in Iraq." That misreads the opinion. The *Freeman* court emphasized that the defendant banks sought only to help Iranian banks illegally transfer money through U.S. banks, and that the terrorists sought only to kill Americans in Iraq. 57 F.4th at 80. The complaint did not explain how terrorist attacks furthered any goal that the banks shared, as those attacks did not plausibly benefit the banks in any way. *Id.* Thus, unlike here, the two groups shared no "common pursuit."

## CONCLUSION

The Court should deny Defendants' motion for reconsideration.

| | |
|---|---|
| Dated: September 26, 2025 | Respectfully submitted, |
| | /s/ *Joshua D. Branson* |
| Lee Wolosky | Joshua D. Branson (*pro hac vice*) |
| Andrew J. Lichtman | Andrew E. Goldsmith (No. 4312740) |
| Willkie Farr & Gallagher LLP | Lillian V. Smith (*pro hac vice*) |
| 787 Seventh Avenue | Christopher C. Goodnow (*pro hac vice*) |
| New York, NY 10019 | James A. Ruck (*pro hac vice*) |
| Tel: (212) 728-8000 | Chase H. Robinett (*pro hac vice*) |
| Fax: (212) 728-8111 | Kellogg, Hansen, Todd, |
| lwolosky@willkie.com |   Figel & Frederick, P.L.L.C. |
| alichtman@willkie.com | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C. 20036 |
| Todd Toral | Tel: (202) 326-7900 |
| Katya Jestin | Fax: (202) 326-7999 |
| Jenner & Block LLP | jbranson@kellogghansen.com |
| 1155 Avenue of the Americas | agoldsmith@kellogghansen.com |
| New York, NY 10036 | lsmith@kellogghansen.com |
| Tel: (212) 891-1600 | cgoodnow@kellogghansen.com |
| ttoral@jenner.com | jruck@kellogghansen.com |
| kjestin@jenner.com | crobinett@kellogghansen.com |
| Brent Caslin | Ryan R. Sparacino (*pro hac vice*) |
| Jenner & Block LLP | Adam J. Goldstein (No. 5123286) |
| 515 South Flower Street | Sparacino PLLC |
| Los Angeles, CA 90071 | 1920 L Street, N.W., Suite 835 |
| Tel: (213) 239-5100 | Washington, D.C. 20036 |
| bcaslin@jenner.com | Tel: (202) 629-3530 |
| | Fax: (202) 629-3658 |
| Shreve Ariail | ryan.sparacino@sparacinopllc.com |
| Alyssa Bernstein | adam.goldstein@sparacinopllc.com |
| Jenner & Block LLP | |
| 1099 New York Avenue NW | *Counsel for Foley Plaintiffs* |
| Washington, D.C. 20001 | |
| Tel: (202) 639-6000 | |
| sariail@jenner.com | |
| abernstein@jenner.com | |
| *Counsel for Finan Plaintiffs* | |
| Joshua D. Arisohn | |
| Arisohn LLC | |
| 94 Blakeslee Rd. | |
| Litchfield, CT 06759 | |
| Tel: (917) 656-0569 | |
| josh@arisohnllc.com | |

Matthew A. Girardi
Bursor & Fisher, P.A.
50 Main St., Ste 475
White Plains, NY 10606
Telephone: (914) 874-0708
Facsimile: (914) 206-3656
mgirardi@bursor.com

*Counsel for Fields Plaintiffs*

# CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to Local Civil Rule 7.1(c), the foregoing memorandum of law complies with the applicable word limit because, not including the portions of the memorandum excluded from the word-count limitations, this memorandum contains 1,572 words. I further certify that this memorandum complies with the typeface and type style requirements of Local Civil Rule 7.1(b).

/s/ *Joshua D. Branson*
Joshua D. Branson

*Counsel for Foley Plaintiffs*