UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHARISS FINAN, *et al.*,

Plaintiffs,

-against-

LAFARGE S.A., *et al.*,

Defendants.

TAMARA FIELDS, *et al.*,

Plaintiffs,

-against-

LAFARGE S.A., *et al.*,

Defendants.

DIANE FOLEY, *et al.*,

Plaintiffs,

-against-

LAFARGE S.A., *et al.*,

Defendants.

**MEMORANDUM & ORDER
22-CV-7831 (NGG) (PK)**

**23-CV-0169 (NGG) (PK)**

**23-CV-5691 (NGG) (PK)**

NICHOLAS G. GARAUFIS, United States District Judge.

Defendants Lafarge S.A., Lafarge Cement Holding Limited, and Lafarge Cement Syria S.A. (collectively, "Defendants") have filed a motion to certify for interlocutory appeal the court's Memorandum and Order entered on August 29, 2025 granting in part and denying in part their combined motions to dismiss the operative complaints in the three above-captioned actions (the "August 29 Order"). (*See generally* Defs.' Mem. in Support of Defs.' Mot. to Certify the August 29 Order for Interlocutory Appeal, *Foley v. Lafarge S.A.*, No. 23-CV-5691 (NGG) (PK) (E.D.N.Y. Aug. 5,

1

2024) (Dkt. 102-1) ("Defs.' Mot.").[1]) Plaintiffs in all three actions oppose the motion. (*See* Pls.' Joint Opp'n to Defs.' Mot. (Dkt. 105 in *Foley*) ("Pls.' Opp.").) For the following reasons, the court DE-NIES Defendants' motion.[2]

Defendants seek appellate review of the court's determinations that it has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) and that Plaintiffs stated plausible claims for conspiracy under the Antiterrorism Act (the "ATA"). (*See* Defs.' Mot. at 1.) With regard to the former, it contends that immediate appeal is needed to resolve "[w]hether *Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025) . . . overrul[es] long-standing Second Circuit precedent requiring an assessment of the defendant's contacts with the United States." (*See id.* at 1, 10 (citing *Porina v. Marward Shipping Co.*, 521 F.3d 122, 127 (2d Cir. 2008)); *see also id.* 5-6 (arguing that this question presents a controlling question of law)). With regard to the latter, Defendants argue that immediate review is needed to determine which of two legal standards a court must apply "when asserting whether a plaintiff has plausibly alleged a shared co-conspiratorial purpose" under the ATA. (*See id.* at 1 (first citing *Freeman v. HSBC Holdings PLC*, 57 F.4th 66 (2d Cir. 2023); and then citing *United States v. Khalupsky*, 5 F.4th 279 (2d Cir. 2021)); *see also id.* at (arguing that this question presents a controlling question of law)). For each determination, Defendants also contend that "there is a substantial ground for difference of opinion." (*See id.* at 2-3, 6-13.) They further argue that "'permitting an interlocutory appeal will expedite this litigation' and potentially curtail the need to conduct

---

[1] Hereinafter, references made to Defendants' combined and Plaintiffs' joint briefings correspond to the docket entries in *Foley*, and are cited as "[Document Name] (Dkt. [Docket Number] in *Foley*)."

[2] Defendants also move for reconsideration of portions of the August 29 Order, which Plaintiffs oppose. (*See generally* Defs.' Mot. for Reconsideration (Dkt. 101 in *Foley*); Pls.' Joint Opp'n to Defs.' Mot. for Reconsideration (Dkt. 106 in *Foley*).) The court will issue a separate ruling on that motion.

'extensive and costly discovery involving multiple parties and third-parties in the United States and abroad.'" (*Id.* at 14 (quoting *Republic of Colom. v. Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 11 (E.D.N.Y. 2007)).) Accordingly, they ask the court to "'exercise its discretion to permit an immediate appeal.'" (*Id.* (quoting *Diageo*, 619 F. Supp. 2d at 11).)

Plaintiffs oppose Defendants' motion on all accounts. First, they argue that neither determination presents a controlling issue of law but a "run-of-the-mill quarrel with the [c]ourt's application of law to facts [that] does not warrant an interlocutory appeal." (*See* Pls.' Opp. at 1; *see also id.* at 6-9 (arguing each determination presents mixed questions of law and facts).) Second, Plaintiffs contend that a reversal of the court's jurisdictional holding "would not significantly affect (much less terminate) the litigation because New York's long-arm statute supplies an alternative basis for personal jurisdiction."[3] (*Id.* at 7 (citing August 29 Order (Dkt. 97 in *Foley*) at 23-24).) With regard to the court's ATA determination, Plaintiffs argue that Defendants' two—and purportedly distinct—standards "do not conflict" because both cases convey the same "core proposition" that "co-conspirators must pursue a common object but need not share the same motive" and that the court's conclusion that Defendants and ISIS "shared a common objective—'ISIS remaining in power'—that ISIS's attacks furthered" meets this standard. (*Id.* at 9 (citing *Khalupsky*, 5 F.4th at 289 and *Freeman*, 57 F.4th at 80) and then quoting August 29 Order at 48).) Third, Plaintiffs argue that an appeal now would not "advance or terminate the litigation."

---

[3] The court acknowledges that while it addressed personal jurisdiction under New York's long-arm statute at length in the August 29 Order, (*see* August 29 Order (Dkt. 97 in *Foley*) at 24-33), it ultimately declined to decide whether it has jurisdiction under the statute "because the court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2)," (*id.* at 33).

They note that, should the Second Circuit reverse this court's jurisdictional determination, this court would have to address whether personal jurisdiction exists under New York's long-arm statute" on remand. (Pls.' Opp. at 16.) Additionally, should the Circuit reverse the ATA determination, they maintain that any error would be "harmless" given that the August 29 Order satisfies either standard offered by Defendants. (*See id.* at 16-17.)

Finally, Plaintiffs independently urge the court to exercise its discretion to deny certification. (*Id.* at 18.) On this last argument, Plaintiffs first point to the lack of district court cases addressing the issue, indicating that the ordinary appellate process would allow for more clear definition of the issue's importance, scope, and nature." (*Id.* at 19.) Plaintiffs then argue that "[t]he equities . . . weigh strongly against an interlocutory appeal" because "'delaying' the case . . . 'increases the danger of prejudice resulting from the loss of evidence.'" They note that the "misconduct at the heart of this case is now more than a decade old" and the "[e]vidence and witnesses are in many countries." (*Id.* at 19 (quoting *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997)) (stating the same in denying a stay of proceedings).)

The court agrees with Plaintiffs. A district court may choose to certify an order for interlocutory appeal if three conditions are met: (1) the order "involves a controlling question of law"; (2) there is a "substantial ground for difference of opinion" on that question of law; and (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Even then, the court must independently exercise its discretion to determine whether "exceptional circumstances . . . justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *AMTEC Int'l of N.Y. Corp. v. Beverage All. LLC*, No. 10-CV-1147 (NGG) (SMG), 2011 WL 4597480, at *2 (E.D.N.Y. Sept. 30, 2011) (quoting *In*

*re Flor*, 79 F.3d 281, 284 (2d Cir.1996) and citing *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir.1996)).

The court declines to exercise its discretion to grant certification.[4] This litigation involves eight separate cases filed by eight distinct sets of plaintiffs.[5] These sets of plaintiffs are grouped into three bundles that sit at distinct stages of the pretrial process. Defendants' motion only concerns one of those bundles,[6] for which it seeks to create parallel appellate proceedings. Enough is enough. Although this case has become exceptional in its procedural complexity, that is precisely why it does not present "exceptional circumstances" necessary for immediate appellate review. *See In re Flor*, 79 F.3d at 284 (requiring such circumstances to "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment" and warrant the certification). Where possible, courts seek to avoid the "prolong[ed] judicial proceedings" and "add[ed] delay" spawned by interlocutory appeals. *Ramos v. SimplexGrinnell LP*, No. 07-CV-981 (SMG), 2011 WL 3472341, at *1 (E.D.N.Y. Aug. 8, 2011) ("Because interlocutory appeals prolong judicial proceedings, add delay and expense, burden appellate courts, and present issues for review on incomplete records, a court should grant applications brought under Section 1292(b) only in exceptional circumstances.") (citing *In re Flor*, 79 F.3d at 284 and *Lothian*

---

[4] For this reason, it omits analysis of the three 28 U.S.C. § 1292(b) requirements. *See In re Roman Catholic Diocese of Albany, Inc.*, 745 F.3d 30, 36 (2d Cir. 2014) (even if order qualifies "for certification under 28 U.S.C. § 1292(b), the certification decision is entirely a matter of discretion for the district court").

[5] The litigation involves not only the three above-captioned cases, but also five other related actions: *Wilson v. LaFarge S.A.*, No. 22-CV-01975 (NGG) (PK), *Murad v. LaFarge S.A.*, No. 23-CV-9186, *Goldman v. LaFarge S.A.*, No. 24-CV-1043 (NGG) (PK), *Shirley v. LaFarge S.A.*, No. 25-CV-4248 (NGG) (PK), *Black et al. v. Lafarge S.A.*, No. 25-CV-8901 (NGG) (PK).

[6] As discussed, the bundle at issue includes only the three above-captioned cases.

*Cassidy LLC v. Ransom*, No. 10-CV-0420 (ENV) (SMG), 2010 WL 3767617 *1 (E.D.N.Y. Sept.17, 2010)); *see In re Brookhaven Nat'l Lab'y Trichloroethylene Cases*, 514 F. Supp. 3d 546, 551 (E.D.N.Y. 2021) (denying certification because "[f]urther delays of the kind that certification would bring are unjustifiable, particularly in light of the serious injuries suffered by the plaintiffs in this case, allegedly at defendants' hands"). Because granting Defendants' motion would unjustifiably invite those delays,[7] the court DENIES Defendants' motion to certify the August 29 Order for interlocutory appeal.

SO ORDERED.

Dated:     Brooklyn, New York
           October 17, 2025

                                        s/Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

---

[7] Defendants' arguments to the contrary are unavailing. Specifically, Defendants' argument that "the parties have agreed on a discovery plan and corresponding schedule," which would proceed in this court alongside the requested appellate proceedings. (Defs.' Reply Mem. in Support of Defs.' Mot. to Certify the August 29 Order for Interlocutory Appeal (Dkt. 107 in *Foley*) at 9-10; *see also* Defs.' Mot. at 14 (arguing that "'[a]n interlocutory appeal is appropriate in this case because it is the most efficient means of advancing or disposing of the litigation'" (quoting *Diageo*, 619 F. Supp. 2d at 11)).) This, however, ignores the practical reality of delay—and added expense—that courts in this district have explicitly and repeatedly recognized when denying requests for certification. *See, e.g., In re Brookhaven*, 514 F. Supp. 3d at 551; *AMTEC Int'l of N.Y. Corp.*, 2011 WL 4597480, at *2; *Lohan Cassidy LLC v. Ransom*, 2010 WL 3767617, at *1 (E.D.N.Y. Sept. 17, 2010).

6