UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARISS FINAN, et al., | |
| Plaintiffs, | **MEMORANDUM & ORDER** |
| -against- | **22-CV-7831 (NGG) (PK)** |
| LAFARGE S.A., et al., | |
| Defendants. | |
| TAMARA FIELDS, et al., | |
| Plaintiffs, | **23-CV-0169 (NGG) (PK)** |
| -against- | |
| LAFARGE S.A., et al., | |
| Defendants. | |
| DIANE FOLEY, et al., | |
| Plaintiffs, | **23-CV-5691 (NGG) (PK)** |
| -against- | |
| LAFARGE S.A., et al., | |
| Defendants. | |

NICHOLAS G. GARAUFIS, United States District Judge.

Defendants Lafarge S.A., Lafarge Cement Holding Limited, and Lafarge Cement Syria S.A. (collectively, "Defendants") have filed a motion to reconsider the court's Memorandum and Order entered on August 29, 2025 granting in part and denying in part their combined motions to dismiss the operative complaints in the three above-captioned actions (the "August 29 Order"). (*See generally*. Mem. in Supp. of Defs.' Mot. for Recons., *Foley v. Lafarge S.A.*, No. 23-CV-5691 (NGG) (PK) (E.D.N.Y. Aug. 5,

1

2024) (Dkt. 101-1 in *Foley*) ("Defs.' Mot.").[1]) Plaintiffs in all three actions oppose that motion. (*See* Pls.' Joint Opp'n to Defs.' Mot. ("Pls.' Opp.") (Dkt. 106 in *Foley*).) For the following reasons, the court DENIES Defendants' motion.

## I. PARTIES' ARGUMENTS

Defendants first seek reconsideration of the court's determination that it has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2). (*See* Defs.' Mot. at 1.) They contend that the court "overlooked" contravening Second Circuit precedent permitting personal jurisdiction only when "foreign defendants have 'sufficient affiliating contacts with the United States in general.'" (*Id.* at 3 (quoting *Porina v. Marward Shipping Co.*, 521 F.3d 122, 127 (2d Cir. 2008)).) By applying the Supreme Court's recent decision in *Fuld v. Palestine Liberation Org.*, Defendants argue that this court purportedly "reached a conclusion far more sweeping than *Fuld* can support." (*Id.* (citing 601 U.S. 1 (2025)). Defendants reason that the Supreme Court's holding in *Fuld* is limited to the "the specific jurisdiction-granting statute under [Rule] 4(k)(1)," which is not at issue in this case. (*Id.* (citing *Fuld*, 601 U.S. at 8).) They also feel that the court's holding "was made without the benefit of full briefing on the novel legal issue." (*Id.* at 3-4 (citing *Reynolds v. Giuliani*, No. 98-CV-8877, 2005 WL 351729, at *1 (S.D.N.Y. Feb. 14, 2005)).)

Defendants also ask the court to reconsider its holding that Plaintiffs stated plausible claims for conspiracy under the Antiterrorism Act ("ATA"), Pub. L. No. 101-519, 104 Stat. 2250-53 (1990), as amended by the Justice Against Sponsors of Terrorism Act ("JASTA"), Pub. L. No. 114-222, 130 Stat. 852-56 (2016). (*Id.* at 1.) They argue that the court erred in "holding

---

[1] Hereinafter, references made to Defendants' combined and Plaintiffs' joint briefings correspond to the docket entries in *Foley*, and are cited as "[Document Name] (Dkt. [Docket Number] in *Foley*)."

that parties with mismatched objectives can form a JASTA conspiracy so long as their interests 'converge' and are not at 'cross-purposes.'" (*Id.* at 4 (quoting August 29 Order (Dkt. 97 in *Foley*) at 48).) They state that the court "overlooked" the correct standard from *Freeman v. HSBC Holdings PLC*, 57 F.4th 66, 79 (2d Cir. 2023) (holding that a conspiracy under the ATA requires a "common pursuit"), in favor of the incorrect one from *United States v. Khalupsky*, 5 F.4th 279, 289 (2d Cir. 2021) (holding that "[c]o-conspirators' goals need not be congruent... so long as their goals are not at cross-purposes"). (*Id.* at 4-5.)

Plaintiffs oppose Defendants' motion. As a preliminary matter, they state that Defendants improperly seek to "reargue points they already raised and lost." (Pls.' Opp. at 2 (emphases omitted).) They point out that Defendants' supplemental letter brief presented the same jurisdictional arguments that they raise now. (*Id.* at 3 (citing Defs.' Letter Response to Pls.' July 10, 2025 Letter re: Suppl. Authority ("Defs.' Resp. Letter") (Dkt. 95 in *Foley*) at 2, 3).) Regarding conspiracy, Plaintiffs similarly note that "Defendants cited *Freeman* throughout their opening brief and [their] reply" and that the court already rejected their arguments. (*Id.* (citing Def.'s Mem. in Supp. of Defs.' Mot. to Dismiss (Dkt. 25 in *Foley*); Def.'s Reply in Supp. of Defs.' Mot. to Dismiss (Dkt. 27 in *Foley*); and August 29 Order at 47-48).) Thus, Plaintiffs state that Defendants "offer no new argument for the [c]ourt to consider." (*Id.*)

Plaintiffs also maintain that the court's "rulings on personal jurisdiction and conspiracy liability were correct" on the merits. (*Id.* at 3.) To start, Plaintiffs state that Defendants' reliance on *Porina* in their jurisdictional analysis is misplaced. (*Id.* at 4 (citing *Porina*, 521 F.3d at 127 and *Fuld*, 82 F.4th at 104).) They note that *Fuld* expressly "rejected" the approach articulated in *Porina* and "overruled 'the Second Circuit precedent'" adopting that approach. (*Id.* (citing *Fuld*, 606 U.S. at 16 and quoting *Fuld*, 606

3

U.S. at 17).) According to Plaintiffs, that means the court should conclude that it "correctly held that *Fuld* applies here." (*Id.* (citing August 29 Order at 35-37).) Plaintiffs next observe that, in determining whether an ATA conspiracy exists, "*Khalupsky* and *Freeman* articulate the same test: whether the defendant 'agreed to participate in what he knew to be a collective venture directed toward a common goal.'" (*Id.* at 5 (quoting *Khalupsky*, 5 F.4th at 289 and citing *Freeman*, 57 F.4th at 79.) Plaintiffs therefore conclude that the court was correct to hold that the allegations meet the appropriate standard. (*Id.* (citing August 29 Order at 44-50).)

## II. DISCUSSION

The standard for granting a motion for reconsideration is "strict." *Commerzbank AG v. U.S. Bank*, 100 F.4th 362, 377 (2d Cir. 2024) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Ptrs.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Defendants here seek to do precisely that. As Plaintiffs note, Defendants raise no arguments that the court has not already considered in full. (Pls.' Opp. at 3.) Despite Defendants' assertion that the court's jurisdictional holding "was made without the benefit of full briefing" regarding *Fuld*, both parties submitted dedicated letters of supplemental authority discussing the case. (*See generally* Pls.' Letter re: New Authority (Dkt. 94 in *Foley*); Defs.' Resp. Letter.) Indeed, Defendants' letter raised the exact jurisdictional arguments they now present to the court. (*See* Defs.' Resp. Letter at 3.) Considering this, the issue of whether *Fuld* controls was adequately presented before the court issued the August 29 Order. (*See* August 29 Order at 35-37.)

So too for Defendants' conspiracy argument. As Plaintiffs explain, Defendants presented the same argument in their motion to dismiss and the court squarely addressed it in its August 29 Order. (*See* Pl.'s Opp. at 3.) Thus, Defendants' motion for reconsideration seeks for nothing more than a "second bite at the apple." *Sequa Corp.*, 156 F.3d at 144. It must be denied.[2] *See Analytical Survs.*, 684 F.3d at 52 ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (quoting *Shrader*, 70 F.3d at 257)).

### III. CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion for reconsideration.

SO ORDERED.

Dated: Brooklyn, New York
October 28, 2025

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] Consequently, the court does not reconsider the underlying substance of Defendants' arguments, or Plaintiffs' response that the "rulings on personal jurisdiction and conspiracy liability were correct." (*See* Def.'s Mot. 3-5; Pl.'s Opp. at 3-5.)

5