January 6, 2026 — *Via ECF*

The Honorable Peggy Kuo
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Foley et al. v. Lafarge S.A. et al.*, No. 1:23-cv-05691-NGG-PK (E.D.N.Y.)
      *Finan et al. v. Lafarge S.A. et al.*, No. 1:22-cv-07831-NGG-PK (E.D.N.Y.);
      *Black et al. v. Lafarge S.A. et al.*, No. 1:24-cv-08901-NGG-PK (E.D.N.Y.); and
      *Shirley et al. v. Lafarge S.A. et al.*, No. 1:25-cv-04248-NGG-PK (E.D.N.Y.).

Dear Judge Kuo:

Plaintiffs respectfully submit this letter setting forth the parties' dispute over interim discovery deadlines.

Plaintiffs recognize the Court's direction that discovery disputes are to be raised in a "joint letter." Individual Practices, ¶ VI.A.1.b. Regrettably, Defendants refused to provide their portion of this letter in a timely fashion. Plaintiffs first sent Defendants a similar version of this letter three weeks ago, on December 16. Ex. 1. After Defendants suggested they would speed production, Plaintiffs agreed not to file at that time. But two weeks ago, Plaintiffs told Defendants that, if we could not reach agreement on interim dates by January 2, Plaintiffs would move to compel on January 5. Ex. 2. On Friday, Plaintiffs informed Defendants they would share their portion of this letter yesterday, to permit a joint filing today. Ex. 3. Plaintiffs sent a draft yesterday afternoon, but Defendants today announced for the first time that they would not provide their portion, committing only to do so "by the end of the week." *Id.* That additional delay undermines the very purpose of this motion: to remedy Defendants' already-unreasonable delays in discovery. The Court should not permit Defendants to forestall that relief any longer.

**Plaintiffs' Position.**[1]   Fact discovery opened on August 29, 2025, and is set to close on September 11, 2026. *Foley* Dkts. 97, 104. But four months into discovery, Defendants have made alarmingly little progress. The Court should therefore set these interim deadlines:

- **January 12, 2026:** Defendants must provide standard hit counts, with de-duplicated and unique hits by search string, for the searches Plaintiffs proposed on November 11 (Ex. 4).
- **January 19, 2026:** The parties must reach agreement or impasse on all the search terms and custodians that Plaintiffs proposed on November 11.
- **March 9, 2026:** Defendants must substantially complete production for Plaintiffs' First, Second, and Third Sets of RFPs (served on September 18, October 8, and October 24).

These deadlines are needed because Defendants have done virtually nothing to advance discovery since Plaintiffs served their first requests on September 18:

- Defendants have produced just 49 documents, 16 of which were duplicates of documents Defendants produced in jurisdictional discovery.

---

[1] The parties conferred on December 11, December 18, and December 22, but did not resolve the dispute.

January 6, 2026
Page 2

- Defendants have not produced *any* ESI.  While Defendants recently offered to produce some documents by the week of January 12, that offer is limited to the reproduction of 1,300 documents Defendants already redacted or withheld during jurisdictional discovery.  That production should require a mere click of a button and should have been made months ago.
- Plaintiffs proposed ESI search terms on November 11.  Two months later, Defendants have yet to accept, reject, or counter almost all of Plaintiffs' search terms.[2]  Nor have they agreed to provide de-duplicated, unique hit counts for Plaintiffs' proposed searches – standard information that a vendor should be able to provide in mere days.  *See* Ex. 5.
- Defendants previously agreed to a December 22 deadline for search terms and custodians.  Ex. 6.  But after Defendants switched counsel for a second time, they backed away from that agreement without proposing a new date.  Ex. 3.  They still have not offered one.
- While stonewalling on discovery, Defendants sought reconsideration and an interlocutory appeal.  *Foley* Dkts. 114, 117.  After losing both, they filed an extraordinary 34-page mandamus petition asking the Second Circuit to order dismissal to avoid "uniquely burdensome" discovery.  *In re Lafarge*, No. 25-3512 (2d Cir. filed Dec. 19, 2025) at 16-17.[3]

The situation is untenable.  The parties are now a third of the way through fact discovery, yet Defendants have produced virtually no documents and have mostly refused to say when they will.  Courts often impose interim deadlines in less-egregious circumstances.  *See*, *e.g.*, *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 114 (S.D.N.Y. 2013) (ordering interim deadline despite defendant's "reasonable efforts" to produce "numerous responsive documents").  And Defendants' refusal to provide standard, deduplicated hit counts prevents Plaintiffs from refining their ESI proposal or addressing counteroffers, should Defendants make any.  *See*, *e.g.*, *CoStar Grp. v. Restb.AI, LLC*, 2023 WL 3325201, at *4 (C.D. Cal. Mar. 10, 2023) (no undue burden when party "did not indicate the number of unique documents").[4]  To ensure the parties meet the Court's deadlines and advance this case, the Court should resolve the stalemate.  Indeed, Plaintiffs must obtain Defendants' documents – many of which will discuss complex, falsified financial transactions – with enough time to have experts analyze them, pursue follow-up discovery, and take depositions in several countries.  The deadlines above are tailored to achieve those ends.  *See Fort Worth*, 297 F.R.D. at 114.

Defendants' new counsel, like their two prior law firms, has professed a desire to work constructively while getting up to speed.  Plaintiffs appreciate that sentiment.  But four months have elapsed with no real progress.  And Defendants' serial efforts to relitigate their motion to dismiss – including their failed interlocutory-appeal motion and recent mandamus petition – lays bare their aim to forestall discovery for as long as possible.  Interim deadlines are needed.

---

[2] So far, Defendants have agreed to run just one full search string – the email addresses of their terrorist intermediaries – and part of another: "ISIS," "ISIL," Islam* w/2 State, and the various spellings of Daesh.  Ex. 4.

[3] This meritless mandamus petition does not stay discovery.  *Fed Ins. Co. v. U.S.*, 882 F.3d 348, 362 (2d Cir. 2018).

[4] Defendants are compiling hit counts from a "database" that current counsel did not create and does not understand.  *Foley* Dkt. 57 at 6-7 of 15.  Defendants have not answered questions about this database, which Plaintiffs anticipate may soon require the Court's intervention.  *E.g.*, Ex. 5.  To be clear, Plaintiffs have grave concerns about this "database" and do not consent to Defendants using it as a substitute for full ESI collections and productions.

January 6, 2026
Page 3

          Respectfully submitted,

          */s/ Joshua D. Branson*

| | |
|---|---|
| Lee Wolosky | Joshua D. Branson (*pro hac vice*) |
| Andrew J. Lichtman | Andrew E. Goldsmith (No. 4312740) |
| Kathryn Bolas | Kellogg, Hansen, Todd, |
| Willkie Farr & Gallagher LLP |   Figel & Frederick, P.L.L.C. |
| 787 Seventh Avenue | 1615 M Street, N.W., Suite 400 |
| New York, NY 10019 | Washington, D.C. 20036 |
| Tel:  (212) 728-8000 | Tel:  (202) 326-7900 |
| Fax:  (212) 728-8111 | Fax:  (202) 326-7999 |
| lwolosky@willkie.com | jbranson@kellogghansen.com |
| alichtman@willkie.com | agoldsmith@kellogghansen.com |
| kbolas@willkie.com | |
| | Adam J. Goldstein (No. 5123286) |
| Todd Toral | Matthew J. Fisher |
| Jenner & Block LLP | Sparacino PLLC |
| 1155 Avenue of the Americas | 1920 L Street, N.W., Suite 835 |
| New York, NY 10036 | Washington, D.C. 20036 |
| Tel:  (212) 891-1600 | Tel:  (202) 629-3530 |
| ttoral@jenner.com | Fax:  (202) 629-3658 |
| | adam.goldstein@sparacinopllc.com |
| Brent Caslin (*pro hac vice*) | matt.fisher@sparacinopllc.com |
| Jenner & Block LLP | |
| 515 South Flower Street | *Counsel for Foley Plaintiffs and Black* |
| Los Angeles, CA 90071 | *Plaintiffs* |
| Tel:  (213) 239-5100 | |
| bcaslin@jenner.com | Lillian V. Smith (*pro hac vice*) |
| | Christopher C. Goodnow (*pro hac vice*) |
| Alyssa Bernstein (*pro hac vice*) | James A. Ruck (*pro hac vice*) |
| Jenner & Block LLP | Eric J. Maier (*pro hac vice*) |
| 1099 New York Avenue NW | Chase H. Robinett (*pro hac vice*) |
| Washington, D.C. 20001 | Kellogg, Hansen, Todd, |
| Tel:  (202) 639-6000 |   Figel & Frederick, P.L.L.C. |
| abernstein@jenner.com | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C. 20036 |
| *Counsel for Finan Plaintiffs and Shirley* | Tel:  (202) 326-7900 |
| *Plaintiffs* | Fax:  (202) 326-7999 |
| | lsmith@kellogghansen.com |
| | cgoodnow@kellogghansen.com |
| | jruck@kellogghansen.com |

January 6, 2026
Page 4

<div style="columns:2">

Katya Jestin
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036
Tel: (212) 891-1600
kjestin@jenner.com

Shreve Ariail
Jenner & Block LLP
1099 New York Avenue NW
Washington, D.C. 20001
Tel: (202) 639-6000
sariail@jenner.com

*Counsel for Finan Plaintiffs*


Craig Carlson (*pro hac vice*)
Langdon Southworth (*pro hac vice*)
The Carlson Law Firm
100 E. Central Texas Expressway
Killeen, TX 76541
Tel: (254) 526-5688
troehrs@carlsonattorneys.com
lsouthworth@carlsonattorneys.com

*Counsel for Shirley Plaintiffs*

emaier@kellogghansen.com
crobinett@kellogghansen.com

*Counsel for Foley Plaintiffs*

Ryan R. Sparacino (*pro hac vice*)
Sparacino PLLC
1920 L Street, N.W., Suite 835
Washington, D.C. 20036
Tel: (202) 629-3530
Fax: (202) 629-3658
ryan.sparacino@sparacinopllc.com

*Counsel for Foley Plaintiffs*

</div>