# Exhibit 5

| | |
|---|---|
| **From:** | Robinett, Chase H. |
| **To:** | Zureick, Alyson; Wolosky, Lee; SERVICE LAFARGE KELLOGG; Sparacino, Ryan; adam.goldstein@sparacinopllc.com; Matt Fisher; Lichtman, Andrew; Bolas, Kathryn; Jason P. Hipp; Bernstein, Alyssa G.; Caslin, Brent; Toral, Todd C.; Timothy Roehrs |
| **Cc:** | Paikin, Jonathan; Yi, Karis; Wilkes Klein, Michaela S. |
| **Subject:** | RE: Foley/Finan/Black/Shirley v. Lafarge - M&C |
| **Date:** | Wednesday, December 31, 2025 2:23:27 PM |

Alyson,

Thank you for confirming that you will run the search terms "ISIS," "ISIL," Islam* w/2 State, and the various spellings of Daesh. But we are surprised you "expect these terms will capture a large amount of non-responsive material." We cannot imagine any ESI material discussing ISIS that will not be responsive to any of our requests. If you view things differently, please let us know, as we may have a disagreement about what constitutes responsive material, in which case we will need to involve the Court.

But more importantly, we are surprised that you offer your response to Mr. Wolosky as responsive to our email. To be sure, we are glad that you agree to run the search terms discussed above. But that single agreement does not respond to the vast majority of our questions. We repeat them again here:

- When will you provide standard hit counts (unique, de-duplicated) for our search terms?
- When will you provide redlines to our proposed search terms (if any)?
- Will you accept our proposed custodians, now that we have explained their relevance (as you requested), or provide the requested standard hit counts for them?
- We understand the second paragraph of your email to Mr. Wolosky to indicate that you will not answer our questions about Defendants' document "database." Your unexplained "understanding" that it is "exhaustive and complete" does not address the concerns we have previously explained.

Please let us know when we can expect responses to these questions. We also again ask for your agreement on interim dates for agreeing to search terms and ESI productions. As we have explained before, Skadden previously agreed to come to ground on search terms no later than December 22, and that date has long passed. If we cannot mutually agree to such dates again promptly, we will seek assistance from the Court.

Best,
Chase

**Chase H. Robinett**
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
Sumner Square | 1615 M Street, N.W. | Suite 400 | Washington, DC 20036
ph: 202-367-7802 | fax: 202-326-7999

NOTICE:  This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution

or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication.  Thank you.

**From:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>
**Sent:** Tuesday, December 30, 2025 5:19 PM
**To:** Robinett, Chase H. <crobinett@kellogghansen.com>; Wolosky, Lee <LWolosky@willkie.com>; SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; adam.goldstein@sparacinopllc.com; Matt Fisher <matt.fisher@sparacinopllc.com>; Lichtman, Andrew <ALichtman@willkie.com>; Bolas, Kathryn <KBolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Cc:** Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>; Wilkes Klein, Michaela S. <Michaela.WilkesKlein@wilmerhale.com>
**Subject:** [EXTERNAL] RE: Foley/Finan/Black/Shirley v. Lafarge - M&C

Chase, please see the response we sent to Lee Wolosky.  Thank you.

**From:** Robinett, Chase H. <crobinett@kellogghansen.com>
**Sent:** Monday, December 29, 2025 6:15 PM
**To:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>; Wolosky, Lee <LWolosky@willkie.com>; SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; adam.goldstein@sparacinopllc.com; Matt Fisher <matt.fisher@sparacinopllc.com>; Lichtman, Andrew <ALichtman@willkie.com>; Bolas, Kathryn <KBolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Cc:** Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>; Wilkes Klein, Michaela S. <Michaela.WilkesKlein@wilmerhale.com>
**Subject:** RE: Foley/Finan/Black/Shirley v. Lafarge - M&C

**EXTERNAL SENDER**

Alyson,

We disagree with much of the framing of your email.  We generally do not think it beneficial to engage in a tit-for-tat, but your suggestion that Plaintiffs won't "budge one iota" on search terms requires response.  Simply put, there is nothing for us to budge on:  Defendants have made no counter to the search terms we circulated on November 11, nor have they provided us the basic information we would need to evaluate any such hypothetical counter.

Time and again, we have asked simple questions and proposed compromise positions to move this case forward.  Yet Defendants refuse to respond or engage.  We reiterate just a few of our questions

here:

- When will you provide standard hit counts (unique, de-duplicated) for our search terms?
- When will you provide redlines to our proposed search terms (if any)?
- Do you agree, at a minimum, to begin running the terms "ISIS," "ISIL," Islam* w/2 State, and the various spellings of Daesh?  These are uncontroversial terms and would "keep the flow of documents into the pipeline," as you state you desire, while we negotiate additional searches.
- Will you accept our proposed custodians, now that we have explained their relevance (as you requested), or provide the requested standard hit counts for them?
- Will you provide answers to our repeated questions about Defendants' document "database," without which we cannot be satisfied with Defendants' document review and productions?

It has now been 17 weeks since Judge Garaufis denied Defendants' motion to dismiss, and Defendants have produced 33 non-duplicative documents.  Defendants have, by contrast, filed a reconsideration motion, a motion for interlocutory appeal, and now a mandamus petition – all aimed (it appears) at forestalling what they portray as burdensome discovery.  Meanwhile, Defendants have not proposed any path for moving forward on search terms, custodians, or anything else, or answered Plaintiffs' straightforward questions.  If Defendants in fact make any proposals, as you suggest below they will, Plaintiffs will consider them.  But absent meaningful and immediate progress, Plaintiffs will seek assistance from the court.

Best,
Chase

**Chase H. Robinett**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 367-7802

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>
**Sent:** Wednesday, December 24, 2025 4:52 PM
**To:** Robinett, Chase H. <crobinett@kellogghansen.com>; Wolosky, Lee <LWolosky@willkie.com>; SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; adam.goldstein@sparacinopllc.com; Matt Fisher <matt.fisher@sparacinopllc.com>; Lichtman, Andrew <ALichtman@willkie.com>; Bolas, Kathryn <KBolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Cc:** Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>;

Wilkes Klein, Michaela S. <Michaela.WilkesKlein@wilmerhale.com>
**Subject:** [EXTERNAL] RE: Foley/Finan/Black/Shirley v. Lafarge - M&C

Chase,

We agree that our Monday call was not as productive as we would have liked, but your letter is misleading as to why that is so. As we have said repeatedly in the short time we have been on the matter, we are hoping for a reset on the rhetoric and a sincere engagement by both sides to meet and confer in good faith. We assume the intended audience for your disingenuous missives is the Court, and your focus on setting a date of supposed declared "impasse" – this time the day after New Year's – rather than sincerely engaging with us to move the ball forward is unfortunate. As we proposed, we believe there should be a monthly status conference with the Court to keep the parties on track, and that the parties should work together cooperatively in between those dates to reach agreement on as many issues as possible. Creating a mountain of correspondence serves little purpose, and we are going to stay focused on the task at hand rather than responding to every inaccuracy and insincere baiting in the lengthy late-night letters we are quickly becoming accustomed to receiving after every conversation. We would simply ask, again, that Plaintiffs meet and confer with us in a more productive manner.

To recap the state of play as we see it, after agreeing to an overbroad list of 27 custodians, and our first getting access to the database on Thursday, we had a team of people run Plaintiffs' proposed search terms against those custodians over the weekend and shared the results in advance of our call. As we shared on our call, the results showed hits of about 4.8 million documents, which expanded to over 8 million documents with full families. As we explained, this is likely a significant undercount because many of the documents are in French and Arabic and the search terms were not translated into those languages. On our call, we also explained that our analysis of the search terms was still in progress, including breaking down Plaintiffs' extraordinarily complicated search terms (many of which were too lengthy to be run in Relativity and thus needed to be broken apart) to identify particularly broad terms or common false positives that may be driving the numbers. We also acknowledged that identifying the number of unique hits across the search terms (what was referred to as "deduping" on our call) would reduce the total number of hits, but our preliminary analysis showed that Plaintiffs' proposed search terms still produced millions of documents that would need to be reviewed. (Again, this is likely a significant undercount since the search strings have not been translated into French or Arabic.) In other words, "deduping" did not render Plaintiffs' proposed search terms any less overbroad or unduly burdensome or give us anything close to a review universe that would allow us to complete document review and production in a reasonable time period. We also disagree with Plaintiffs' suggestion that it would be productive to negotiate search terms with reference to unique hit counts for each set of search terms in isolation. Say, for instance, that we were looking at a hypothetical Search String A and Search String B; if we identified the hits that were common across those search strings and grouped them as hits for Search String A, that would cause the number of hits for Search String B to go down. But that wouldn't mean Search String B on its own would be any less burdensome since the common hits would still be a part of the Search String B review universe. The point is, we need to decide on a set of appropriately scoped search terms that

result in a total review universe that is reasonable and well targeted and Plaintiffs' search strings as written clearly are not amenable to that.

We understood that the purpose of the call on Monday was to have a transparent working session about Plaintiffs' designated high priority search terms. We shared our screen with some proposed revisions and resulting hit counts but noted at the outset that these revisions were meant to be illustrative to facilitate discussion. We walked through each of the search terms to better understand their purpose and point out how some of the "or" terms were likely capturing vast numbers of nonresponsive materials. We were frankly disappointed that even though Plaintiffs requested a call to discuss search terms (and we accepted Plaintiffs' proposal on our Thursday, December 18 call to meet on Monday, December 22 as we shared your hope to move things forward quickly), Plaintiffs were not prepared to engage, could not explain the intended purpose of many of the terms, and did not offer a single idea for how we might craft search terms that were more targeted to weeding out non-responsive materials and creating a reasonable universe for review. It is worth noting that there is an obvious contradiction in Plaintiffs' insistence that Defendants are being intransigent for not agreeing to an impractical and unreasonable early date for substantial completion of productions and at the same time refusing to budge one iota on search terms that would result in a universe of documents that would require millions of hours of review time sorting through non-responsive materials.

We remain hopeful that we can work through these issues with you over the coming weeks. As we also discussed, we are getting a large review team up and running, which includes many French and Arabic speakers. We do not want to lose them, so we need to keep the flow of documents into the pipeline steady. For this reason, we are prioritizing working with you to identify terms that we can agree upon while we continue to refine the ones that need more thinking. At present, we have enough in the pipeline to keep the review team busy through early to mid-January, but we need to promptly reach agreement on additional terms (or universes against which to apply terms). For this reason, we are continuing to work through the holidays on both the ongoing review and on our sincere efforts to reach agreement on as many search terms as possible. We are testing a number of ideas to help us identify a robust set of documents that we can move into our review pipeline as soon as 1LR of our current agreed-upon review populations is complete. To that end, we anticipate reaching out to you next week with further proposals for discussion. We hope that Plaintiffs will be prepared to engage productively at that point so we can keep this process moving forward.

Best,

Alyson

**From:** Robinett, Chase H. <crobinett@kellogghansen.com>
**Sent:** Monday, December 22, 2025 10:19 PM
**To:** Wolosky, Lee <LWolosky@willkie.com>; Zureick, Alyson <Alyson.Zureick@wilmerhale.com>; SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; adam.goldstein@sparacinopllc.com; Matt Fisher <matt.fisher@sparacinopllc.com>; Lichtman, Andrew <ALichtman@willkie.com>; Bolas, Kathryn

<KBolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Cc:** Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>; Wilkes Klein, Michaela S. <Michaela.WilkesKlein@wilmerhale.com>
**Subject:** RE: Foley/Finan/Black/Shirley v. Lafarge - M&C

**EXTERNAL SENDER**

Counsel,

Please see the attached correspondence.

Best,
Chase

**Chase H. Robinett**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 367-7802

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

**From:** Wolosky, Lee <LWolosky@willkie.com>
**Sent:** Sunday, December 21, 2025 1:53 PM
**To:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>; SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; adam.goldstein@sparacinopllc.com; Matt Fisher <matt.fisher@sparacinopllc.com>; Lichtman, Andrew <ALichtman@willkie.com>; Bolas, Kathryn <KBolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>; Robinett, Chase H. <crobinett@kellogghansen.com>
**Cc:** Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>; Wilkes Klein, Michaela S. <Michaela.WilkesKlein@wilmerhale.com>
**Subject:** [EXTERNAL] Re: Foley/Finan/Black/Shirley v. Lafarge - M&C

Alyson,

Thanks for your email and your work to try to resolve various discovery disputes. Since you appear to be on the cusp of a significant amount of work, as a prefatory matter, I wish to re-

iterate questions and concerns about the inherited "database" discussed on Thursday's call. On our call, I asked you whether your firm would be collecting your client's ESI in the normal course in order to satisfy your discovery obligations. You declined to commit to doing so at this time. The database on which you intend to rely may in fact be very large, but neither we — nor you, it seems — know much about its creation, beyond the fact that it was created years ago for a purpose unrelated to civil litigation. Among other things, we don't know what ESI sources were collected or excluded, or what search terms or other filters might have been applied to native ESI, in connection with its creation. It is for these reasons that we registered objections to its sufficiency during jurisdictional discovery, with which the court agreed. *Finan* ECF No. 62, May 20, 2024 Tr., 60-61.

Lee

—

On December 20, 2025 at 1:54:42 PM EST, Zureick, Alyson <Alyson.Zureick@wilmerhale.com> wrote:

> **\*\*\* EXTERNAL EMAIL \*\*\***
>
> Chase and all,
>
> Thanks for the productive call on Thursday, and we look forward to continuing our conversation on Monday. We also received your December 18 letter.
>
> As we discussed, Defendants are willing to search documents for the following 27 custodians, which include the 18 custodians that you identified in your November 21 email: Bruno Lafont, Jean-Claude Veillard, Guillame Roux, Jean Claude Block, Bi Yong Chungunco, Eric Olsen, Nicolas Vaniet, Christian Herrault, Essam Taki Aldin, Jean-Jerome Khodara, Bruno Pescheux, Frédéric Jolibois, Jacob Waerness, Mazen Sheikh Awad, Valery Mirakoff, Nabil Sandook, Johnny Mouty, Thanaa Shiekh al-Shabab, Hassan Al-Saleh, Mamdouh Al Khaled, Amjad Bash, Richard Benattar, Hala Fweity, Mohy Haridy, Ahmad Jaloudi, Narkice Vaisoul, and Mohammad Zend.
>
> As discussed, our team just received access to the database for this matter, and we are in the process of running Plaintiffs' proposed search terms across these 27 custodians.

As we noted on the call, documents and data for 27 custodians is a substantial document population that sweeps broadly across the issues that Plaintiffs are interested in.  We are willing to discuss the remaining 23 custodians that Plaintiffs have proposed but will need to further understand their relevance and whether the burden of adding them adds relevant and/or material information not already covered by the extensive list we are searching.  Needless to say, if emails from any of the 23 custodians are in the data we review for the 27, those emails will be produced.  In this regard, there are a number of individuals whose responsibilities appear to overlap with the custodians that we have agreed to above, and we would like to understand Plaintiffs' specific need for their documents and given their roles, it seems unlikely that there would be material emails in their email boxes that are not already captured.  As an example, we have agreed to search documents for Amjad Bash, Richard Benattar, and Mohammad Zend, who were involving in accounting at LCS.  We do not think there is anything relevant (and certainly not material) that Sami Elzaim, who was previously Treasury and Insurance Manager at LCS, would have that is not already captured.  Similarly, we have agreed to provide documents for Valery Mirakoff, Lafarge CFO, and Jean Claude Block, SVP of Financial Operations, amongst other custodians involved in finance.  We do not think that there would be anything relevant (and certainly not material) that Dan Lisnic would have that is not already covered as he is one more finance-related custodian.

In addition, we do not understand the specific need for documents from Plaintiffs' proposed Lafarge Egypt or Lafarge Iraq individuals that cannot be met with documents from the agreed-upon custodians.  Please also explain the relevance of documents from Magali Anderson and Beat Werder, who were employed at Holcim and do not appear to have any relevance to Plaintiffs' allegations.  We would also request that Plaintiffs reconsider Isabelle Andre and Michel Bisiaux, who are or were legal counsel within Lafarge S.A.  Among other things, reviewing their documents will be very burdensome for privilege reasons.

As Defendants explained in their Third Supplemental Responses to Plaintiffs' Amended Interrogatory Nos. 8 and 13, dated June 21, 2024, there are two individuals, Samia Ibrahim and Sami Elzaim, whose documents Defendants have been unable to locate, likely due to the applicable data policy at the time of their employment.

Defendants are unable to search their documents for this reason.

Finally, we would appreciate Plaintiffs' explanation of the relevance of the three email addresses that you requested: info.syria@lafarge.com, SY-LCS@lafarge.com, SY-Excom@lafarge.com.  Which types of documents do you expect to find here that are not already covered by the agreed-upon custodians, and is there a way to narrow the scope of these searches?

One observation we offer here is that we share plaintiffs' desire to reach substantial completion as quickly as possible.  That is in many respects a function of volume.  The more volume there is, the longer it will take, and lengthy reviews of tangential materials will slow things down considerably.  We believe the 27 custodians is already overbroad, and it is going to be important to reach agreement on reasonable search terms.

With respect to your December 18 letter, rather than engage in lengthy correspondence, we are going to stay focused on reaching agreement on search terms and our ongoing document review over the holidays.  Your rendition of our call regarding Requests 66-68, 35-37, 39-40, and 43-50 is generally consistent with our discussion.  For clarity, for all requests that Defendants have agreed to search, we will produce responsive documents that are within their possession, custody, and control.  With respect to the production we will make the week of January 12th, as we explained, with respect to the documents in the French proceeding, we first need to speak with French counsel who are engaged with the ongoing criminal trial to determine next steps, and will get back to you on this category of documents.  We appreciate you bringing the other items in your letter to our awareness, and we will work through them with you in due course.  As we emphasized on the call, we are continuing to work expeditiously and in good faith to meet Plaintiffs' requests, including over the holidays.

Best,

Alyson

**Alyson Zureick | WilmerHale**

7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 937 7529 (t)
+1 212 230 8888 (f)
alyson.zureick@wilmerhale.com

 **One Firm. One Legacy.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at https://www.wilmerhale.com.

**Lee Wolosky**
**Willkie Farr & Gallagher LLP**

**New York**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 3098 | Fax: +1 212 728 8111

**Washington**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: + 1 202 303 1198 | Fax: + 1  202 303 2000
lwolosky@willkie.com | vCard | www.willkie.com bio

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.