January 6, 2026 — *Via ECF*

The Honorable Peggy Kuo
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Foley et al. v. Lafarge S.A. et al.*, No. 1:23-cv-05691-NGG-PK (E.D.N.Y.);
      *Finan et al. v. Lafarge S.A. et al.*, No. 1:22-cv-07831-NGG-PK (E.D.N.Y.);
      *Black et al. v. Lafarge S.A. et al.*, No. 1:24-cv-08901-NGG-PK (E.D.N.Y.); and
      *Shirley et al. v. Lafarge S.A. et al.*, No. 1:25-cv-04248-NGG-PK (E.D.N.Y.).

Dear Judge Kuo:

  Plaintiffs respectfully submit this letter setting forth the parties' dispute over Plaintiffs' Interrogatories 16 and 17 (attached as Ex. 1).

  Plaintiffs recognize the Court's direction that the parties raise discovery disputes in a "joint letter." Individual Practices, ¶ VI.A.1.b. Regrettably, Defendants refused to provide their portion of this letter in a timely fashion. On both December 22 and December 30, Plaintiffs told Defendants they intended to move to compel on January 5. Exs. 2, 3. On Friday, January 2, Plaintiffs informed Defendants they would share their portion of this letter yesterday, to permit a joint filing today, January 6. Ex. 3. Plaintiffs sent the draft yesterday afternoon, but Defendants today announced for the first time that they would not provide their portion, committing only to do so "by the end of the week." *Id.* That delay – over interrogatories Plaintiffs served months ago – is unreasonable. As explained in our concurrent letter motion to set interim deadlines, Defendants' repeated delays are jeopardizing the schedule. Immediate relief is warranted.

  **Plaintiffs' Position**. Interrogatories 16 and 17 seek threshold information that goes to the heart of Plaintiffs' conspiracy claims.[1] In denying Defendants' motion to dismiss, Judge Garaufis made clear that Plaintiffs are "entitled" to "discovery" on "the nature of [Defendants'] conspirac[ies] with ISIS and ANF to provide material support" and to maintain ISIS's "protection racket [in the] region." *Foley* Dkt. 97 at 49-50. Defendants' conspiracies hinge on the multimillion-dollar payments they made to the terrorists. *Id.* at 44-50. These interrogatories seek information about those payments. Interrogatory 16 seeks details about one payment mechanism: Lafarge's practice of "discount[ing] the price of cement it sold to its customer-distributors to reimburse them for making the payments to ANF and ISIS." *Foley* Dkt. 67-1 at ¶ 68 ("FAC"). Interrogatory 17, in turn, asks Defendants to specify the transaction details for the $5.92 million they admittedly paid the terrorists. *Id.* ¶ 54. As Judge Garaufis observed, there is a fact dispute over whether Defendants paid only $5.92 million – the amount to which they pleaded guilty – or the $15 million Plaintiffs allege. Dkt. 97 at 8. These interrogatories probe the basis for Defendants' $5.92 million calculation and seek to flesh out their illegal payments.

---

[1] Plaintiffs conferred with Defendants' prior counsel telephonically on October 29 and November 18 and reached impasse on December 9. Ex. 4 at 4-5. After providing Defendants' current counsel the time requested to reconsider, the parties exchanged correspondence on December 31 and January 1, but did not resolve the dispute.

January 6, 2026
Page 2

The Court should compel Defendants to answer.  Defendants previously refused to answer both interrogatories and agreed in early December that the parties were at impasse.  Exs. 1, 4.  Months later, after switching counsel, Defendants stated in an email that "pursuant to Rule 33(d), the business records that will be produced" in response to some of Plaintiffs' document requests will address Interrogatories 16 and 17.  Ex. 3.  That belated argument is improper.

Defendants' generic allusion to unproduced documents does not excuse their failure to answer these interrogatories.  A party invoking Rule 33(d) must do two things: "specify[ ] the records that must be reviewed, in sufficient detail, to enable the interrogating party to locate and identify them as readily as the responding party could," *and* establish that the "burden of ascertaining the answer 'will be substantially the same for either party.'" *Suntree Int'l Corp. v. Rossi*, 2020 WL 13581657, at *1 (E.D.N.Y. Mar. 26, 2020) (quoting Fed. R. Civ. P. 33(d)(1)).  Defendants have done neither.  They simply assert in an email that unidentified documents they supposedly will produce at some indeterminate future date will contain the answers Plaintiffs seek.  Courts routinely reject that use of Rule 33(d).  *See*, *e.g.*, *id.* ("vaguely" referencing documents without specifying "any particular records" is inadequate); *Convermat Corp. v. St. Paul Fire and Marine Ins. Co.*, 2007 WL 2743696, at *3 (E.D.N.Y. Sept. 18, 2007) (interrogatory "cannot be adequately answered by a general reference" to documents produced without "specification as to where the information can be located"); *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 564 (D. Kan. 1997) (party cannot "refer generically to past or future production").

Even if Defendants could cite specific documents, they could not satisfy Rule 33(d)'s equal-burden requirement.  Plaintiffs served interrogatories on top of their document requests for a reason:  because Defendants hid their payments through fake accounts and falsified financial records.  FAC ¶¶ 89-96.  So the mere production of business records – which Defendants admittedly falsified[2] – will hardly allow Plaintiffs to "deriv[e] or ascertain[]" fully the illegal payments.  Fed. R. Civ. P. 33(d).  A narrative answer is necessary for Defendants to explain how their fraudulent records trace to the illegal payments they were trying to hide.  *See LVB-Ogden Mktg., LLC v. Bingham*, 2019 WL 142031, at *5 (W.D. Wash. Jan. 9, 2019) (ordering response when it is "less burdensome for the responding party to identify" information "within its own voluminous documents because it at least has a basic knowledge" of the records).

A real answer to these interrogatories is also vital for Plaintiffs to tailor additional requests.  A narrative response will inform further discovery – by providing names, dates, accounts, customers, and intermediaries involved in Defendants' conspiracy.  That is why Plaintiffs served these interrogatories on October 8.  Under Rule 33(b)(2), Defendants' response was due by November 7.  Through their belated use of Rule 33(d), Defendants now are giving themselves a multi-month extension.  The Court should order Defendants to answer in full.

---

[2] *See* Statement of Facts ¶ 18, *United States v. Lafarge S.A.*, No. 22-cr-444-WFK (E.D.N.Y. Oct. 18, 2022) ("LAFARGE and LCS executives actively attempted to conceal their conduct" in part by "create[ing] invoices with false descriptions"); *id.* ¶ 62 ("LAFARGE executives were also directly involved in falsifying records").

January 6, 2026
Page 3

                                      Respectfully submitted,

                                      */s/ Joshua D. Branson*

| | |
|---|---|
| Lee Wolosky | Joshua D. Branson (*pro hac vice*) |
| Andrew J. Lichtman | Andrew E. Goldsmith (No. 4312740) |
| Kathryn Bolas | Kellogg, Hansen, Todd, |
| Willkie Farr & Gallagher LLP |    Figel & Frederick, P.L.L.C. |
| 787 Seventh Avenue | 1615 M Street, N.W., Suite 400 |
| New York, NY 10019 | Washington, D.C. 20036 |
| Tel:  (212) 728-8000 | Tel:  (202) 326-7900 |
| Fax:  (212) 728-8111 | Fax:  (202) 326-7999 |
| lwolosky@willkie.com | jbranson@kellogghansen.com |
| alichtman@willkie.com | agoldsmith@kellogghansen.com |
| kbolas@willkie.com | |
| | Adam J. Goldstein (No. 5123286) |
| Todd Toral | Matthew J. Fisher |
| Jenner & Block LLP | Sparacino PLLC |
| 1155 Avenue of the Americas | 1920 L Street, N.W., Suite 835 |
| New York, NY 10036 | Washington, D.C. 20036 |
| Tel:  (212) 891-1600 | Tel:  (202) 629-3530 |
| ttoral@jenner.com | Fax:  (202) 629-3658 |
| | adam.goldstein@sparacinopllc.com |
| Brent Caslin (*pro hac vice*) | matt.fisher@sparacinopllc.com |
| Jenner & Block LLP | |
| 515 South Flower Street | *Counsel for Foley Plaintiffs and Black Plaintiffs* |
| Los Angeles, CA 90071 | |
| Tel:  (213) 239-5100 | |
| bcaslin@jenner.com | Lillian V. Smith (*pro hac vice*) |
| | Christopher C. Goodnow (*pro hac vice*) |
| Alyssa Bernstein (*pro hac vice*) | James A. Ruck (*pro hac vice*) |
| Jenner & Block LLP | Eric J. Maier (*pro hac vice*) |
| 1099 New York Avenue NW | Chase H. Robinett (*pro hac vice*) |
| Washington, D.C. 20001 | Kellogg, Hansen, Todd, |
| Tel:  (202) 639-6000 |    Figel & Frederick, P.L.L.C. |
| abernstein@jenner.com | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C. 20036 |
| *Counsel for Finan Plaintiffs and Shirley Plaintiffs* | Tel:  (202) 326-7900 |
| | Fax:  (202) 326-7999 |
| | lsmith@kellogghansen.com |
| | cgoodnow@kellogghansen.com |
| | jruck@kellogghansen.com |

Katya Jestin
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036
Tel:  (212) 891-1600
kjestin@jenner.com

Shreve Ariail
Jenner & Block LLP
1099 New York Avenue NW
Washington, D.C. 20001
Tel:  (202) 639-6000
sariail@jenner.com

*Counsel for Finan Plaintiffs*


Craig Carlson (*pro hac vice*)
Langdon Southworth (*pro hac vice*)
The Carlson Law Firm
100 E. Central Texas Expressway
Killeen, TX 76541
Tel:  (254) 526-5688
troehrs@carlsonattorneys.com
lsouthworth@carlsonattorneys.com

*Counsel for Shirley Plaintiffs*

emaier@kellogghansen.com
crobinett@kellogghansen.com

*Counsel for Foley Plaintiffs*

Ryan R. Sparacino (*pro hac vice*)
Sparacino PLLC
1920 L Street, N.W., Suite 835
Washington, D.C. 20036
Tel:  (202) 629-3530
Fax:  (202) 629-3658
ryan.sparacino@sparacinopllc.com

*Counsel for Foley Plaintiffs*