# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
DIANE FOLEY, *et al.*,                                     :
                                                           :
        Plaintiffs,         :
                                                           :
v.                                                         :
                                                           :    23-cv-05691 (NGG) (PK)
LAFARGE S.A., *et al.*,                                    :
                                                           :
        Defendants.         :
---------------------------------------------------------- x
CHARISS FINAN, *et al.*,                                   :
                                                           :
        Plaintiffs,         :
                                                           :
v.                                                         :
                                                           :    22-cv-07831 (NGG) (PK)
LAFARGE S.A., *et al.*,                                    :
                                                           :
        Defendants.         :
---------------------------------------------------------- x
JASON BLACK, *et al.*,                                     :
                                                           :
        Plaintiffs,         :
                                                           :
v.                                                         :
                                                           :    24-cv-08901 (NGG) (PK)
LAFARGE S.A., *et al.*,                                    :
                                                           :
        Defendants.         :
---------------------------------------------------------- x
SUSAN SHIRLEY, *et al.*,                                   :
                                                           :
        Plaintiffs,         :
                                                           :
v.                                                         :
                                                           :    25-cv-04248 (NGG) (PK)
LAFARGE S.A., *et al.*,                                    :
                                                           :
        Defendants.         :
----------------------------------------------------------

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF MERITS INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Defendants Lafarge S.A. ("Lafarge"), Lafarge Cement Holding Limited ("Lafarge Cyprus"), and Lafarge Cement Syria S.A. ("LCS") (collectively, "Defendants"), by and through their undersigned attorneys, hereby respond and object to Plaintiffs' First Set of Merits Interrogatories, dated October 8, 2025, (the "Interrogatories"), as set forth below.

## GENERAL OBJECTIONS

1. Defendants respond to the Interrogatories subject to the General Objections set forth below. These limitations and objections, which form a part of Defendants' response to each Interrogatory, are set forth here to avoid the duplication and repetition of restating them for each individual response. Certain General Objections may be specifically repeated in individual responses for purposes of emphasis. Failure to make a specific reference in response to a specific Interrogatory, however, is not a waiver of any General Objection.

2. Defendants object to the Interrogatories to the extent that they purport to impose requirements, obligations, and duties beyond those prescribed by the Federal Rules, Local Rules, or any other applicable law, rule, or procedure.

3. Defendants object to the Interrogatories to the extent that they call for disclosure of information subject to the attorney-client privilege, work-product doctrine, or applicable provision of the law of the French Republic ("France") or the Swiss Confederation ("Switzerland"). Defendants will not disclose such information, and any inadvertent disclosure or production is not a waiver of any privilege or immunity.

4. Defendants object to the Interrogatories to the extent that they seek information already produced during jurisdictional discovery in these matters. Defendants refer Plaintiffs to those prior productions and will not reproduce them.

5. Defendants object to these Interrogatories to the extent they purport to require Defendants to produce information that is protected by any applicable domestic or foreign law from searches, access, export, or production, including, but not limited to, the requirements of the General Data Protection Regulation (2016/679) ("GDPR"), French Penal Code Law No. 80-538 (the "French Blocking Statute"), Article 271 of the Swiss Criminal Code (the "Swiss Blocking Statute"), or any other similar national privacy law, or that is otherwise protected from discovery or disclosure under any applicable order, rule, law, or privilege including, but not limited to, any applicable rule, immunity, law, order, or established practice in the United States, in France, in Switzerland, or in any other foreign jurisdiction (together, the "Protected Information"). To the extent that the Interrogatories may be construed as seeking such Protected Information, Defendants claim and invoke all applicable protections available, including, but not limited to, those enumerated in this paragraph. Any inadvertent production or disclosure of any Protected Information shall not be deemed a waiver of any right, privilege, or immunity, or of any other grounds for objecting to discovery with respect to such disclosure, or of Defendants' right to object at any time to the use of such Protected Information.

6. Defendants object to the disclosure of information falling within any of these General Objections or the Specific Objections set forth below. In the event any information falling within one or more of these objections is disclosed or produced, the disclosure or production is inadvertent and shall not constitute a waiver of the objections.

3

7. Any response indicating that information of a certain type will be produced is not a representation that any such information exists or that Defendants have knowledge of the subject matter set forth in the Interrogatories.

8. Defendants object to the Interrogatories to the extent that they purport to seek disclosure of information in violation of privacy rights or obligations under any constitutional, statutory, or common law rights of privacy.

9. Defendants object to the Interrogatories to the extent they seek information subject to non-disclosure or confidentiality agreements with third parties or that would violate the privacy rights of others. Defendants will produce such information only after providing required notice to third parties and an opportunity for them to object to the production of the information.

10. Defendants do not admit, adopt, or acquiesce to any factual or legal contention, assertion, or characterization contained in the Interrogatories, or any definition therein, even where Defendants have not otherwise objected to a particular definition or Interrogatory, or have agreed to provide information responsive to a particular Interrogatory. No incidental or implied admissions are intended by these responses.

11. Defendants preserve, and do not waive, any objection as to relevance, materiality, propriety and admissibility, as well as any and all other objections and grounds that require the exclusion of evidence. Defendants reserve the right to make any and all such objections at any point during these Actions.

12. Defendants object to the Interrogatories to the extent that they purport to require Defendants to conduct anything beyond a reasonable and diligent search for information from reasonably accessible sources from which responsive information reasonably can be expected to be found.

13. The objections and responses herein are based on Defendants' present knowledge, information, and belief. Defendants reserve the right to revise, correct, amend, supplement, or clarify these General Objections, Objections to Definitions and Instructions, and the Specific Objections and Responses below.

## OBJECTIONS TO DEFINITIONS

1. Defendants object to the definitions and instructions to the extent they are vague, ambiguous, overly broad, unduly burdensome, and seek the disclosure of irrelevant information.

2. Defendants object to the definition of "Account" to the extent it includes the Accounts of any "subsidiary, affiliate, or Agent." Defendants only have possession, custody, or control of their own accounts. For purposes of responding to the Interrogatories, Defendants will interpret "Account" to mean those accounts held by the Defendants.

3. Defendants object to the definition of "ANF" as overly broad and unduly burdensome to the extent that it is defined as including "all aliases and predecessors thereof." For purposes of responding to the Interrogatories, Defendants will interpret "ANF" to mean the following organizations, as referenced in paragraph 14 of the Statement of Facts, *see* ECF No. 10-1, *United States v. Lafarge S.A.*, Case No. 1:22-cr-00444-WFK, and designated by the Secretary of State in accordance with Section 219 of the Immigration and Nationality Act, as amended: al-Nusrah Front, Jabhat al-Nusrah, Jabhet al-Nusra, The Victory Front, Al-Nusrah Front for the People of the Levant, Al-Nusrah Front in Lebanon, Support Front for the People of the Levant, and Jabhat al-Nusra li-Ahl al-Sham min Mujahedi al-Sham fi Saha al-Jihad, including al-Qaeda in Iraq, Jabhat al-Nusrah, Jabhet al-Nusra, The Victory Front, and Al-Nusrah Front of the People of the Levant.

4. Defendants object to the definition of "Agent" to the extent it includes "Financial Institutions" with whom Defendants "hold, held, maintain, or maintained an Account." For

5

purposes of responding to the Interrogatories, and subject to General Objection No. 10 (which preserves defendants' right to object to legal definitions), Defendants will interpret the term "Agent" to mean the definition in Plaintiffs' Interrogatories, excluding "Financial Institutions" with whom Defendants "hold, held, maintain, or maintained an Account."

5. Defendants object to the definition of "Holcim" as vague and ambiguous because it improperly includes both Holcim, Ltd., the entity, and Holcim Group, referencing the entity as well as its subsidiaries and affiliates, which are distinct entities. Unless otherwise noted, Defendants will interpret "Holcim" to mean Holcim, Ltd.

6. Defendants object to the definition of "ISIS" as overly broad and unduly burdensome to the extent that it is defined as including "all aliases and predecessors thereof." For purposes of responding to the Interrogatories, Defendants will interpret "ISIS" to mean the following organizations, as referenced in paragraph 12 of the Statement of Facts and designated by the Secretary of State in accordance with Section 219 of the Immigration and Nationality Act, as amended: al-Qaeda in Iraq, The Islamic State of Iraq and al-Sham, The Islamic State of Iraq and Syria, ad-Dawla al-Islamiyya fi al-Iraq wa-sh-Sham, Daesh, Dawla al Islamiya, Al-Furquan Establishment for Media Production, Islamic State, ISIL, and ISIS.

7. Defendants object to the definition of "Related to," and "relating to" because that definition is overbroad. For purposes of these Responses and Objections, Defendants will interpret "Related to," and "relating to" to be synonymous with the definition of "concerning," as set forth in Local Rule 26.3(c)(7).

8. Defendants object to the definition of "Taleb" as overly broad and unduly burdensome to the extent that it is defined as including "any corporations, firms, partnerships, proprietorships, associations, joint ventures, government or regulatory agencies or entities, and

6

other enterprises or legal entities affiliated with him." For purposes of responding to the Interrogatories, Defendants will interpret "Taleb" to mean Amro Taleb, a natural person.

9. Defendants object to the definitions of "You" and "Your" to the extent they include Lafarge Middle East & Africa Building Materials and any of the named Defendants' "predecessors or successors, any direct or indirect parents, subsidiaries, or Affiliates, and other Related entities, Agents, or other Person(s) acting or purporting to act with or on its or their behalf." Defendants will interpret "You" and "Your" to mean Lafarge, Lafarge Cyprus, and LCS.

## **OBJECTIONS TO INSTRUCTIONS**

1. Defendants object to the Instructions insofar as they purport to impose obligations on Defendants that are different from and greater than those imposed by the Federal Rules and the Local Rules. Whenever the Instructions conflict with or exceed the Federal Rules and/or Local Rules, Defendants will comply with the obligations set forth in the Federal Rules and the Local Rules only.

2. Defendants object to the Instructions to the extent they cause the Interrogatory to seek information outside of Defendants' possession, custody or control. Defendants will only search for and disclose information that is within their possession, custody, or control.

3. Defendants object to the definition of "Relevant Time Period" "from January 1, 2011, until December 31, 2019" as overly broad, unduly burdensome, unlikely to yield responsive information or documents, and not proportional to the needs of this action. Unless otherwise noted, any information Defendants disclose in response to the Interrogatories will be from and including January 1, 2011, through and including December 31, 2014.

Subject to these General Objections, and Objections to Definitions and Instructions, which Defendants incorporate into each response below, Defendants respond to each of the Interrogatories as follows:

7

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 15:**

Identify every sale of cement by You from the Jalabiyeh Cement Plant, including the date of the sale, purchaser, purchase price (including any associated shipping fees or other costs), the shipping address or destination for the cement, and the quantity of cement purchased.

**Response to Interrogatory No. 15:**

Defendants object to Interrogatory No. 15 as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly insofar as it seeks information sufficient to identify "every sale of cement" over a multi-year period. Defendants further object to Interrogatory No. 15 on the ground that it seeks information that is not relevant to the ATA conspiracy claims or defenses in these actions. Defendants also object to Interrogatory No. 15 as duplicative and cumulative of other discovery requests in these actions, including but not limited to the *Finan* and *Foley* Plaintiffs' First Set of Merits Requests for Production Nos. 35–37, and because the burden of ascertaining the answer to this Interrogatory from any documents produced will be the same for all parties. Defendants also refer Plaintiffs to the parties' ongoing discussions and correspondence concerning the *Finan* and *Foley* Plaintiffs' First Set of Merits Requests for Production.

Based on the foregoing objections and General Objections, Defendants decline to respond to Interrogatory No. 15.

**Interrogatory No. 16:**

Identify every "customer-distributor[]" for which You "agreed to discount the price of the cement sold . . . to reimburse them for making the payments to ISIS and ANF" (Statement of Facts

¶ 34) and for each such customer-distributor identify the amount of the discount and the volume of cement to which it applied.

**Response to Interrogatory No. 16:**

Defendants object to Interrogatory No. 16 as overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to Interrogatory No. 16 on the ground that it seeks information that is not relevant to the ATA conspiracy claims or defenses in these actions. Defendants also object to Interrogatory No. 16 as duplicative and cumulative of other discovery requests in these actions, including but not limited to Plaintiffs' Second Set of Merits Requests for Production No. 93, and because the burden of ascertaining the answer to this Interrogatory from any documents produced will be the same for all parties. Defendants also refer Plaintiffs to the parties' ongoing discussions and correspondence concerning the *Finan* and *Foley* Plaintiffs' First Set of Merits Requests for Production.

Based on the foregoing objections and General Objections, Defendants decline to respond to Interrogatory No. 16.

**Interrogatory No. 17:**

Describe in detail Your "various payments, through intermediaries, to and for the benefit of ISIS and ANF" referenced in Paragraph 19 of the Statement of Facts as totaling "approximately $5.92 million," including by identifying for each payment its date, currency and amount, form (bank transfer, cash, or other means), banks involved, and the Person(s) who made and received it.

**Response to Interrogatory No. 17:**

Defendants object to Interrogatory No. 17 as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly insofar as it requests a "detail[ed]" "descri[ption]" of an unknown number of "various payments."  Defendants further object to Interrogatory No. 17 on the ground that it seeks information that is not relevant to the ATA conspiracy claims or defenses in these actions.  Defendants also object to Interrogatory No. 17 as duplicative and cumulative of other discovery requests in these actions, including but not limited to Plaintiffs' Second Set of Merits Requests for Production No. 94, and because the burden of ascertaining the answer to this Interrogatory from any documents produced will be the same for all parties.  Defendants further object to Interrogatory No. 17 to the extent that it requests narrative information more appropriately sought at a deposition.  Defendants also refer Plaintiffs to the parties' ongoing discussions and correspondence concerning the *Finan* and *Foley* Plaintiffs' First Set of Merits Requests for Production.

Based on the foregoing objections and General Objections, Defendants decline to respond to Interrogatory No. 17.

**Interrogatory No. 18:**

Describe in detail every instance in which ISIS or ANF inflicted physical injury or death on any of Your Personnel, including by identifying for each such instance the name and title of the employee who suffered the injury or death; the individual(s) who inflicted the injury or death; the date and location of the event that caused the injury or death; and the extent of the injury suffered.

**Response to Interrogatory No. 18:**

Defendants object to Interrogatory No. 18 as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly insofar as it requests a "detail[ed]"

10

"descri[ption]" of "every instance." Defendants further object to Interrogatory No. 18 on the ground that it seeks information that is not relevant to the ATA conspiracy claims or defenses in these actions. Defendants also object to Interrogatory No. 17 as duplicative and cumulative of other discovery requests in these actions, including but not limited to Plaintiffs' Second Set of Merits Requests for Production No. 95, and because the burden of ascertaining the answer to this Interrogatory from any documents produced will be the same for all parties. Defendants further object to Interrogatory No. 18 to the extent that it requests narrative information more appropriately sought at a deposition.

Based on the foregoing objections and General Objections, Defendants decline to respond to Interrogatory No. 18.

**Interrogatory No. 19:**

Describe in detail every instance in which ISIS or ANF threatened any of Your Personnel with physical injury or death, including by identifying for each such instance the name and title of the employee who received the threat; the name of the individual(s) who made the threat; the contents of the threat and manner in which it was made; and date it was made.

**Response to Interrogatory No. 19:**

Defendants object to Interrogatory No. 19 as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly insofar as it requests a "detail[ed]" "descri[ption]" of "every instance." Defendants further object to Interrogatory No. 19 on the ground that it seeks information that is not relevant to the ATA conspiracy claims or defenses in these actions. Defendants also object to Interrogatory No. 19 as duplicative and cumulative of other discovery requests in these actions, including but not limited to Plaintiffs' Second Set of Merits Requests for Production No. 95, and because the burden of ascertaining the answer to this

11

Interrogatory from any documents produced will be the same for all parties. Defendants further object to Interrogatory No. 18 to the extent that it requests narrative information more appropriately sought at a deposition.

Based on the foregoing objections and General Objections, Defendants decline to respond to Interrogatory No. 19.

**Interrogatory No. 20:**

Identify every pending or former lawsuit, criminal complaint, arbitration, government investigation, or other legal dispute involving You or Holcim (each a "Legal Proceeding") brought anywhere in the world relating to Your payments to or cooperation with ISIS or ANF, and for each identify all parties to the Legal Proceeding, the jurisdiction in which it was brought, the docket and case caption, and whether You or Holcim are the plaintiff or the defendant in the Proceeding.

**Response to Interrogatory No. 20:**

Defendants object to Interrogatory No. 20 as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly insofar as it seeks information sufficient to identify "every pending or former lawsuit, criminal complaint, arbitration, government investigation, or other legal dispute" pending or formerly pending worldwide. Defendants further object to Interrogatory No. 20 on the ground that it seeks information that is not relevant to the ATA conspiracy claims or defenses in these actions. Defendants also object to Interrogatory No. 20 as duplicative and cumulative of other discovery requests in these actions, including but not limited to Plaintiffs' Second Set of Merits Requests for Production No. 94, and because the burden of ascertaining the answer to this Interrogatory from any documents produced will be the same for all parties. Defendants further object to Interrogatory No. 20 to the extent it seeks information protected by confidentiality or nondisclosure rules, laws, or agreements; the attorney-client

12

privilege; the work-product doctrine; the common-interest doctrine; or any other applicable privilege or protection under U.S. or French law. Defendants also object to the extent Interrogatory No. 20 seeks information that would require the disclosure of personal data protected under applicable data privacy laws, including, but not limited to, the GDPR. Defendants further object to the extent Interrogatory No. 20 seeks information that has already been produced, or is publicly available or equally accessible to Plaintiffs, including court filings and publicly available government records. Defendants will interpret Interrogatory No. 20 to request the identification of public litigation known to Defendants involving claims against Defendants based on an alleged conspiracy between Defendants and ISIS or ANF.

Defendants refer Plaintiffs to the criminal case cited in Plaintiffs' Complaints: *United States v. Lafarge S.A.*, Case No. 1:22-cr-00444-WFK (E.D.N.Y.); the eight related civil cases pending in the U.S. District Court for the Eastern District of New York: *Foley v. Lafarge S.A.*, No. 23-cv-05691-NGG-PK (E.D.N.Y.); *Fields v. Lafarge S.A.*, No. 1:23-cv-00169-NGG-PK (E.D.N.Y.); *Finan v. Lafarge S.A.*, No. 1:22-cv-07831-NGG-PK (E.D.N.Y.); *Murad, et al. v. Lafarge S.A.*, No. 1:23-cv-09186-NGG-PK (E.D.N.Y.); *Goldman, et al. v. Lafarge S.A.*, No. 1:24-cv-01043-NGG-PK (E.D.N.Y.); *Black, et al. v. Lafarge S.A.*, No. 1:24-cv-08901-NGG-PK (E.D.N.Y.); *Wilson, et al. v. Lafarge S.A.*, No. 1:25-cv-01975-NGG-PK (E.D.N.Y.); and *Shirley, et al. v. Lafarge S.A.*, No. 1:25-cv-04248-NGG-PK (E.D.N.Y.); and the French proceedings mentioned in the *Finan* and *Foley* Plaintiffs' First Set of Merits Requests for Production and October 31, 2025 letter concerning those Requests.

Dated: New York, New York
November 7, 2025

/s/ *Timothy G. Nelson*
Timothy G. Nelson
Boris Bershteyn
Jacob G. Lefkowitz
**SKADDEN, ARPS, SLATE,**
 **MEAGHER & FLOM LLP**
One Manhattan West
New York, New York 10001
Tel.: (212) 735-3000
Fax: (212) 735-2000
timothy.g.nelson@skadden.com
boris.bershteyn@skadden.com
jacob.lefkowitz@skadden.com

Michael A. McIntosh (admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
 **MEAGHER & FLOM LLP**
1440 New York Avenue, N.W.
Washington, D.C. 20005
Tel.: (202) 371-7000
Fax: (202) 393-5760
michael.mcintosh@skadden.com

Jay K. Musoff
John Piskora
Chloe Gordils
**LOEB & LOEB LLP**
345 Park Avenue
New York, NY 10154
Telephone:   212-407-4212
Facsimile:    212-407-4990

*Attorneys for Lafarge S.A.,*
*Lafarge Cement Holding Limited, and Lafarge*
*Cement Syria S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2025, I caused a true and correct copy of the foregoing DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF MERITS INTERROGATORIES to be served by email upon the following recipients:

Joshua D. Branson
Andrew E. Goldsmith
Christopher C. Goodnow
James A. Ruck
Chase H. Robinett
Eric J. Maier
Lillian V. Smith
Kellogg, Hansen, Todd, Figel &
 Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999

Ryan R. Sparacino
Adam J. Goldstein
Matthew J. Fisher
SPARACINO PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel: (202) 629-3530
Fax: (202) 629-3658

*Counsel for the Foley Plaintiffs*

Lee Wolosky
Andrew Joshua Lichtman
Kathryn Bolas
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019

Katya T. Jestin
Jason P. Hipp
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036

15

Alyssa Bernstein
J.E. Shreve Ariail
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001

Brent Caslin
Jenner & Block LLP
515 South Flower Street
Ste 3300
Los Angeles, CA 90071-2246

Todd C. Toral
Jenner & Block LLP
2029 Century Park East
Ste 1450
Los Angeles, CA 90067-2901

*Counsel for the Finan Plaintiffs*

Joshua D. Branson
Andrew E. Goldsmith
Kellogg, Hansen, Todd, Figel &
  Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036

Matthew Jason Fisher
Sparacino PLLC
150 South Wacker Drive
Suite 2400
Chicago, IL 60606

Adam Goldstein
Sparacino PLLC
1920 L Street, NW
Suite 835
Washington, DC 20036

*Counsel for the Black Plaintiffs*

Alyssa Bernstein
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001

Andrew Joshua Lichtman
Kathryn Bolas
Lee Wolosky
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019

Brent Caslin
Jenner & Block LLP
515 S Flower Street
Suite 3300
Los Angeles, CA 90071

Craig Carlson
Langdon Southworth
The Carlson Law Firm
100 E Central Texas Expressway
Killeen, TX 76541

Jason P. Hipp
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036

Todd C. Toral
Jenner & Block LLP
2029 Century Park East
Ste 1450
Los Angeles, CA 90067-2901

*Counsel for the Shirley Plaintiffs*