# Exhibit 3

| | |
|---|---|
| **From:** | Robinett, Chase H. |
| **To:** | Zureick, Alyson; Paikin, Jonathan; Yi, Karis |
| **Cc:** | SERVICE LAFARGE KELLOGG; Sparacino, Ryan; "adam.goldstein@sparacinopllc.com"; Matt Fisher; Wolosky, Lee; Lichtman, Andrew; Bolas, Kathryn; Jason P. Hipp; "kjestin@jenner.com"; Bernstein, Alyssa G.; "sariail@jenner.com"; Caslin, Brent; Toral, Todd C.; Timothy Roehrs |
| **Subject:** | RE: Foley/Finan/Black/Shirley v. Lafarge - December 11, 2025 Meet and Confer |
| **Date:** | Tuesday, January 6, 2026 1:10:35 PM |
| **Attachments:** | Ex. 1 - 2025 11 07 Lafarge Responses _ Objs to 1st Set of Merits IROGs from Plfs(4417762.1).pdf |
| | Ex. 2 - 12.09.2025 Letter.pdf |
| | Ex. 3 - 2025 12 31 email RE_ Foley_Finan_Black_Shirley v. Lafarge - December 11, 2025 Meet and Confer.pdf |

Alyson,

Please find the exhibits you requested attached.

Respectfully, we will be filing these letters today, with or without your portion of the letter. We have repeatedly put you on notice of our intent to file these motions. *E.g.*, 2025 12 22 C. Robinet Ltr. at 6 ("We also expect to have agreement (or impasse) over interim dates for ensuring that rolling productions proceeding in a timely fashion. If we do not have these gating issues finally resolved by [January 2, 2026], we intend to seek relief on January 5."); 2025 12 30 C. Robinett email ("If we do not receive responses to these questions—including with dates certain by which Defendants will supplement their responses—by January 5, we intend to ask the Court to overrule Defendants' objections and compel responses to these Interrogatories."); 2026 01 02 C. Robinett email ("We will be sending you our half of the letter motions to Judge Kuo asking for the Court to impose interim deadlines and moving to compel responses to interrogatories 16 and 17 on Monday. We intend to file the motions Tuesday."). Plaintiffs have repeatedly stated our positions for Defendants' consideration, and Defendants have had more than enough time to prepare their page-and-a-half positions. Indeed, we sent a version of our draft letter on interim deadlines weeks ago, before the holidays. None of this should come as a surprise.

The whole point of our motions is to remedy Defendants' unreasonable delays in discovery. Allowing yet another delay in bringing this to the Court's attention would merely compound the harm we are seeking to remedy. So while we would greatly prefer to file this as a joint letter, consistent with Judge Kuo's usual practices, we do not believe it is reasonable for Defendants to use their portions to achieve more delays.

If you require a few more hours to finish your halves, please let us know. We will otherwise plan on filing this evening.

Best,
Chase

**Chase H. Robinett**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 367-7802

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or

the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>
**Sent:** Tuesday, January 6, 2026 12:04 PM
**To:** Robinett, Chase H. <crobinett@kellogghansen.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>
**Cc:** SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; 'adam.goldstein@sparacinopllc.com' <adam.goldstein@sparacinopllc.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Wolosky, Lee <lwolosky@willkie.com>; Lichtman, Andrew <alichtman@willkie.com>; Bolas, Kathryn <kbolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; 'kjestin@jenner.com' <kjestin@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; 'sariail@jenner.com' <sariail@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Subject:** [EXTERNAL] RE: Foley/Finan/Black/Shirley v. Lafarge - December 11, 2025 Meet and Confer

Chase,

We have received your letter motions and are working on our responses. However, as I noted for you previously, our client has traveled from Switzerland to meet with us, and we are tied up in meetings. We will provide you with our responses as soon as we can such that the parties can finalize the letters and Plaintiffs can file with the court by the end of the week.

In addition, please send the exhibits you intend to attach to the letter regarding Plaintiffs' Interrogatories 16 and 17. We will need to review those exhibits as we are drafting our responses.

Best,

Alyson

**From:** Robinett, Chase H. <crobinett@kellogghansen.com>
**Sent:** Monday, January 5, 2026 3:24 PM
**To:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>
**Cc:** SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; 'adam.goldstein@sparacinopllc.com' <adam.goldstein@sparacinopllc.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Wolosky, Lee <lwolosky@willkie.com>; Lichtman, Andrew <alichtman@willkie.com>; Bolas, Kathryn <kbolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; 'kjestin@jenner.com' <kjestin@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; 'sariail@jenner.com' <sariail@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Subject:** RE: Foley/Finan/Black/Shirley v. Lafarge - December 11, 2025 Meet and Confer

**EXTERNAL SENDER**

Alyson,

Please find attached our half of the letter motions to Judge Kuo. We ask for your halves no later than tomorrow by 3pm. We intend to file no later than 5pm.

We have long been at impasse regarding the interrogatories, and your proposal to provide a list of documents at some undefined date in the future is unacceptable for the reasons we explained in our January 1 email.

Best,
Chase

**Chase H. Robinett**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 367-7802

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>
**Sent:** Saturday, January 3, 2026 11:18 AM
**To:** Robinett, Chase H. <crobinett@kellogghansen.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>
**Cc:** SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; 'adam.goldstein@sparacinopllc.com' <adam.goldstein@sparacinopllc.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Wolosky, Lee <lwolosky@willkie.com>; Lichtman, Andrew <alichtman@willkie.com>; Bolas, Kathryn <kbolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; 'kjestin@jenner.com' <kjestin@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; 'sariail@jenner.com' <sariail@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Subject:** [EXTERNAL] RE: Foley/Finan/Black/Shirley v. Lafarge - December 11, 2025 Meet and Confer

Chase,

I'm confused as to what the "impasse" is here since we are supplementing the interrogatories.

As best we can tell, the only "impasse" is over whether will commit to produce the business records (and identify them) by January 15, but that is part of the ongoing discussions regarding document productions and search terms. We believe our discussions have been constructive and should continue. As you know, we've agreed to get a massive number of documents into the review pipeline to ensure rolling productions are not delayed while we continue to work through the remaining issues in good faith. Business records responsive to those two interrogatories are in that pipeline, and some likely involve search terms we are still discussing. We've also told you that we would prioritize certain items, which are doing. If these two interrogatories are now the priority, we can try to expedite the searches for those documents. So, if there is an "impasse" over whether we will supplement those two interrogatories by January 15th, it is an unreasonable and impactable one that seems to be your own invention. To be clear, we do not agree that we've exhausted good faith meet and confer efforts and suggest we continue the discussion once you've seen the information we are sending next week.

In any event, if you want to raise this supposed "impasse" with the Court, our understanding of the process set forth in Judge Kuo's Rules is that we file a "joint letter briefly setting out the disputed issue," and the Court will "then schedule a conference to discuss the dispute." It is only "[i]f the dispute cannot be resolved during the conference, [that] the Court may order the parties to brief a motion to compel." We will review what you send over on Monday, but to the extent you are planning to send a motion to compel (and perhaps two of them from what you say in your email), that's not consistent with the Rules. And if the Court were to order the parties to brief a motion a compel, we would presumably have more than 24 hours to respond to it.

Regards,

Alyson

**From:** Robinett, Chase H. <crobinett@kellogghansen.com>
**Sent:** Friday, January 2, 2026 6:15 PM
**To:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>
**Cc:** SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; 'adam.goldstein@sparacinopllc.com' <adam.goldstein@sparacinopllc.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Wolosky, Lee <lwolosky@willkie.com>; Lichtman, Andrew <alichtman@willkie.com>; Bolas, Kathryn <kbolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; 'kjestin@jenner.com' <kjestin@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; 'sariail@jenner.com' <sariail@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>

**Subject:** RE: Foley/Finan/Black/Shirley v. Lafarge - December 11, 2025 Meet and Confer

**EXTERNAL SENDER**

Alyson,

We will be sending you our half of the letter motions to Judge Kuo asking for the Court to impose interim deadlines and moving to compel responses to interrogatories 16 and 17 on Monday. We intend to file the motions Tuesday.

We have met and conferred extensively about the interrogatories – indeed, Skadden confirmed weeks ago that we were at impasse over them – and do not think additional conversations are needed. However, if you believe it necessary, we can make ourselves available on Monday. But unless Defendants will commit on that call to answer both interrogatories adequately by a date certain, we will be filing the motion on Tuesday.

Best,
Chase

**Chase H. Robinett**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 367-7802

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>
**Sent:** Friday, January 2, 2026 5:06 PM
**To:** Robinett, Chase H. <crobinett@kellogghansen.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>
**Cc:** SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; 'adam.goldstein@sparacinopllc.com' <adam.goldstein@sparacinopllc.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Wolosky, Lee <lwolosky@willkie.com>; Lichtman, Andrew <alichtman@willkie.com>; Bolas, Kathryn <kbolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; 'kjestin@jenner.com' <kjestin@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; 'sariail@jenner.com' <sariail@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Subject:** [EXTERNAL] RE: Foley/Finan/Black/Shirley v. Lafarge - December 11, 2025 Meet and Confer

Chase,

Rule 33(d) allows a responding party to refer to business records in response to an interrogatory, and we are in the process of producing those records. We cannot identify the documents until they are produced. The "dispute" here is therefore not *whether* we will supplement the responses but *when*. Your New Year's Day demand that we do so by January 15 is neither practicable nor reasonable, but we are happy to meet and confer with you telephonically to discuss your concerns, as the rules require. *See* Practice Rule, VI.A.1. As you know, we will be sending you information in connection with our ongoing discussion about productions and search terms next week. We are going to be tied up early in the week, as our client is traveling from Switzerland to meet with us. We expect to get you the promised information by Friday, January 9. To give you time to review that information, we propose that we schedule a telephonic meet and confer on the morning of Tuesday, January 13. Of course, if Monday, January 12 is better for you, we would be happy to accommodate that as well. And we will add the issue below to the agenda.

Best,

Alyson

**From:** Robinett, Chase H. <crobinett@kellogghansen.com>
**Sent:** Thursday, January 1, 2026 11:31 AM
**To:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>
**Cc:** SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; 'adam.goldstein@sparacinopllc.com' <adam.goldstein@sparacinopllc.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Wolosky, Lee <lwolosky@willkie.com>; Lichtman, Andrew <alichtman@willkie.com>; Bolas, Kathryn <kbolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; 'kjestin@jenner.com' <kjestin@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; 'sariail@jenner.com' <sariail@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Subject:** RE: Foley/Finan/Black/Shirley v. Lafarge - December 11, 2025 Meet and Confer

**EXTERNAL SENDER**

Alyson,

Defendants cannot invoke Rule 33(d) in an email, or use that rule to give a months-long extension on interrogatory responses. Rule 33(d) works only if you cite specifically the documents that you are

relying on in response to the interrogatory. Your email makes no attempt to do so, nor could it, as Defendants have produced next-to-no documents in merits discovery. Nor is it an answer that Defendants have agreed to produce – at some uncommitted-to date in the future – documents sufficient to show information requested in certain RFPs. Procedural improprieties aside, Plaintiffs are entitled to answers to their interrogatories to inform additional discovery.

Furthermore, Rule 33(d) applies only "if the burden of deriving or ascertaining the answer will be substantially the same for either party." That isn't the case for Plaintiffs' interrogatories. To give one particularly clear example, consider Interrogatory 17, which asks Defendants to detail their "various payments, through intermediaries, to and for the benefit of ISIS and ANF" referenced in Paragraph 19 of the Statement of Facts as totaling "approximately $5.92 million," including by identifying for each payment its date, currency and amount, form (bank transfer, cash, or other means), banks involved, and the Person(s) who made and received it. Beyond Defendants having conducted an internal investigation into their payments to ISIS and ANF, as well as pleading guilty to this precise figure in the Statement of Facts, Defendants admitted to falsifying their records to cover up these payments. *E.g.*, Statement of Facts ¶ 62. So it is especially unlikely that Plaintiffs can accurately piece together all the illegal payments from a review of falsified accounting documents that Defendants claim they will produce.

It appears Defendants now agree that their responses to these interrogatories are insufficient. But your email does nothing to fix the serious problems that remain. It has been nearly three months since Plaintiffs served these Interrogatories, and we cannot accept any further delay. Please confirm that Defendants will provide supplemental responses to Plaintiffs' interrogatories no later than January 15, 2026. We will otherwise move to compel on Tuesday, starting with Interrogatories 16 and 17. We will circulate our half of the letter to Judge Kuo on Monday.

Best,
Chase

**Chase H. Robinett**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 367-7802

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

**From:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>
**Sent:** Wednesday, December 31, 2025 5:10 PM
**To:** Robinett, Chase H. <crobinett@kellogghansen.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>
**Cc:** SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino,

Ryan <ryan.sparacino@sparacinopllc.com>; 'adam.goldstein@sparacinopllc.com' <adam.goldstein@sparacinopllc.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Wolosky, Lee <lwolosky@willkie.com>; Lichtman, Andrew <alichtman@willkie.com>; Bolas, Kathryn <kbolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; 'kjestin@jenner.com' <kjestin@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; 'sariail@jenner.com' <sariail@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Subject:** [EXTERNAL] RE: Foley/Finan/Black/Shirley v. Lafarge - December 11, 2025 Meet and Confer

Chase,

The parties have discussed these things, so it is not true that we have not already responded.

To begin, a number of the interrogatories referenced in your email are the mirror interrogatories to RFPs we just discussed and for which we reached agreement on a path forward. Pursuant to Federal Rule of Civil Procedure 33(d), the business records being produced in response to those RFPs also respond to the mirror interrogatories. For example, Interrogatory No. 15—which asks Defendants to "[i]dentify every sale of cement by You from the Jalabiyeh Cement Plant, including the date of the sale, purchaser, purchase price (including any associated shipping fees or other costs), the shipping address or destination for the cement, and the quantity of cement purchased"—asks for the same information as RFP No. 36, which requests "[d]ocuments sufficient to identify all sales You made of cement the Jalabiyeh Cement Plant produced, including the date of every sale, the buyer in every sale, the volume of cement that each buyer purchased in each sale, and the price paid by each such buyer." We agreed that Defendants would produce documents sufficient to show the information requested in RFP No. 36 during the parties' December 18th meet and confer.

Similarly, Interrogatory No. 17 asks Defendants to "[d]escribe in detail Your 'various payments, through intermediaries, to and for the benefit of ISIS and ANF' ... including by identifying for each payment its date, currency and amount, form (bank transfer, cash, or other means), banks involved, and the Person(s) who made and received it." Defendants agreed in their Responses and Objections to the Foley and Finan Plaintiffs' First Set of Merit Requests for Production that they will search for and produce documents responsive to RFP 15, which requests "[a]ll Documents and Communications showing or discussing any donations, payments, ... that You or Your Personnel made or provided to ... AQI, ISIS, ANF, or any other terrorist or other armed groups operating in Syria or Iraq." In addition, during our December 18th meet and confer, we agreed that Defendants will search for and produce documents within their possession, custody, or control that are responsive to RFP Nos. 43-44, 46-47, which request documents and data sufficient to identify all incoming and outgoing transactions from LCS bank accounts. So, again, pursuant to Rule 33(d), the business records that will be

produced also address Interrogatory No. 17.

As for Interrogatory No. 16, that request also corresponds with RFPs for which Defendants have agreed to produce responsive business records. Interrogatory No. 16 asks Defendants to "[i]dentify every 'customer-distributor[]' for which You 'agreed to discount the price of the cement sold . . . to reimburse them for making the payments to ISIS and ANF' (Statement of Facts ¶ 34) and for each such customer-distributor identify the amount of the discount and the volume of cement to which it applied." In their Responses and Objections to the Finan, Foley, Black, and Shirley Plaintiffs' Second Set of Merits Requests for Production, Defendants agreed to search for and produce "documents sufficient to show all 'customer-distributors' for which Defendants 'agreed to discount the price of cement sold . . . to reimburse them for making the payments to ISIS and ANF,' subject to a search protocol agreed to by the parties." This was in response to Plaintiffs' RFP No. 93, which is the mirror RFP to Interrogatory No. 16.

Next, Interrogatory Nos. 18 and 19 ask Defendants for detailed information on "every instance in which ISIS or ANF" inflicted or threatened to inflict "physical injury or death" on any of Defendants' personnel. As set out in Defendants' Responses and Objections of November 7, 2025, these interrogatories are duplicative and cumulative of the information requested in RFP No. 95 and seek narrative information that is more appropriately sought at a deposition, among other objections. As to RFP No. 95, Defendants informed Plaintiffs in their Responses and Objections to the Finan, Foley, Black, and Shirley Plaintiffs' Second Set of Merits Requests for Production that they are willing to meet and confer to discuss the scope of the request. We continue to be willing to have that discussion, with the expectation that any documents we agree to produce in response to RFP No. 95 would also satisfy Interrogatory Nos. 18 and 19 pursuant to Rule 33(d). Moreover, Interrogatory Nos. 18 and 19 overlap with RFP No. 34, for which Defendants agreed to search for and produce certain documents pursuant to a search protocol, as set out in Defendants' November 14, 2025 letter.

Finally, as to Interrogatory No. 20, Mr. McIntosh's December 9 letter explained that Defendants will supplement their response to this interrogatory. We are working on that supplemental response, but it requires input from French counsel. As we explained in our December meet and confers, French counsel were tied up with the criminal trial in France leading up to the holidays. We anticipate meeting with French counsel in early January and can then provide an update on when we expect to supplement our response to Interrogatory No. 20.

Best,

Alyson

**From:** Robinett, Chase H. <crobinett@kellogghansen.com>
**Sent:** Tuesday, December 30, 2025 9:39 AM
**To:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>
**Cc:** SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; 'adam.goldstein@sparacinopllc.com' <adam.goldstein@sparacinopllc.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Wolosky, Lee <lwolosky@willkie.com>; Lichtman, Andrew <alichtman@willkie.com>; Bolas, Kathryn <kbolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; 'kjestin@jenner.com' <kjestin@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; 'sariail@jenner.com' <sariail@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Subject:** RE: Foley/Finan/Black/Shirley v. Lafarge - December 11, 2025 Meet and Confer

**EXTERNAL SENDER**

Counsel,

I am writing to follow up on my December 16 email below and December 18 letter (attached) regarding Defendants' Responses & Objections to Plaintiffs' First Set of Merits Interrogatories. On December 16, we asked (1) whether Defendants intend to change their position on Interrogatory Nos. 15-19, and, if so, by then they will supplement their responses to these Interrogatories, and (2) by when Defendants will supplement their response to Interrogatory No. 20 as they committed to doing in Mr. McIntosh's December 9, 2025 email. On December 18, we asked again about Interrogatory No. 17 specifically. You have not responded.

If we do not receive responses to these questions—including with dates certain by which Defendants will supplement their responses—by January 5, we intend to ask the Court to overrule Defendants' objections and compel responses to these Interrogatories.

Best,
Chase

**Chase H. Robinett**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 367-7802

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Robinett, Chase H. <crobinett@kellogghansen.com>

**Sent:** Tuesday, December 16, 2025 9:36 PM
**To:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>; McIntosh, Michael A <michael.mcintosh@skadden.com>; Lefkowitz, Jacob G <jacob.lefkowitz@skadden.com>; Nelson, Timothy G. <timothy.g.nelson@skadden.com>; Bershteyn, Boris <boris.bershteyn@skadden.com>
**Cc:** SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; 'adam.goldstein@sparacinopllc.com' <adam.goldstein@sparacinopllc.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Wolosky, Lee <lwolosky@willkie.com>; Lichtman, Andrew <alichtman@willkie.com>; Bolas, Kathryn <kbolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; 'kjestin@jenner.com' <kjestin@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; 'sariail@jenner.com' <sariail@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Subject:** RE: Foley/Finan/Black/Shirley v. Lafarge - December 11, 2025 Meet and Confer

Alyson,

We are available to meet at 10:30 Eastern on Thursday. We will be circulating tonight our half of a letter moving to compel the interim deadlines that we proposed on December 2 and discussed last week. If we do not reach consensus on that issue on the meet and confer, we anticipate filing the letter as soon as the meet and confer concludes, and therefore ask for your half before that time.

In addition, Defendants' latest position on Plaintiffs' First Set of Merits Interrogatories, *see* Ltr. from Michael McIntosh (Dec. 9, 2025), confirms that the parties are at impasse on Interrogatory Nos. 15-19, and commits to supplementing Defendants' response to Interrogatory No. 20. Please be prepared on our meet and confer to address (1) whether Defendants intend to change their position on Interrogatory Nos. 15-19, and, if so, by then they will supplement their responses to these Interrogatories, and (2) by when Defendants will supplement their response to Interrogatory No. 20.

Please also provide Defendants' positions on Plaintiffs' RFP Nos. 96-103. On December 2, we provided Plaintiffs' positions on these RFPs – explaining their relevance and why they are tailored to the needs of the cases. We have yet to receive any response. Please come to Thursday's meet and confer with Defendants' positions on these RFPs. If Defendants refuse to produce responsive documents, the parties will be at impasse.

Best,
Chase

**Chase H. Robinett**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 367-7802

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified

that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>
**Sent:** Tuesday, December 16, 2025 3:48 PM
**To:** Robinett, Chase H. <crobinett@kellogghansen.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>; McIntosh, Michael A <michael.mcintosh@skadden.com>; Lefkowitz, Jacob G <jacob.lefkowitz@skadden.com>; Nelson, Timothy G. <timothy.g.nelson@skadden.com>; Bershteyn, Boris <boris.bershteyn@skadden.com>
**Cc:** SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; 'adam.goldstein@sparacinopllc.com' <adam.goldstein@sparacinopllc.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Wolosky, Lee <lwolosky@willkie.com>; Lichtman, Andrew <alichtman@willkie.com>; Bolas, Kathryn <kbolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; 'kjestin@jenner.com' <kjestin@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; 'sariail@jenner.com' <sariail@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Subject:** [EXTERNAL] RE: Foley/Finan/Black/Shirley v. Lafarge - December 11, 2025 Meet and Confer

Chase,

We are not available tomorrow. We could meet on Thursday, any time between 10:30-12:00 or 12:30-3:00pm EST. As I said, if you want to involve Judge Kuo once we've spoken, we will work with you on a brief joint letter requesting a conference. It remains our expectation that we can work through the three issues you've identified.

Alyson

**From:** Robinett, Chase H. <crobinett@kellogghansen.com>
**Sent:** Tuesday, December 16, 2025 10:07 AM
**To:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>; McIntosh, Michael A <michael.mcintosh@skadden.com>; Lefkowitz, Jacob G <jacob.lefkowitz@skadden.com>; Nelson, Timothy G. <timothy.g.nelson@skadden.com>; Bershteyn, Boris <boris.bershteyn@skadden.com>
**Cc:** SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; 'adam.goldstein@sparacinopllc.com' <adam.goldstein@sparacinopllc.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Wolosky, Lee <lwolosky@willkie.com>; Lichtman, Andrew <alichtman@willkie.com>; Bolas, Kathryn <kbolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; 'kjestin@jenner.com' <kjestin@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; 'sariail@jenner.com' <sariail@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Subject:** RE: Foley/Finan/Black/Shirley v. Lafarge - December 11, 2025 Meet and Confer

**EXTERNAL SENDER**

Alyson,

Thanks for your email. We are available to meet and confer tomorrow between 11-1, 2-3, and 4-6 Eastern. Please let us know which window works best for you.

At the meet-and-confer, we expect Defendants to be able to answer the questions in our letter, including the proposed interim deadlines for discovery productions in this case. If Defendants still will not give us a clear position on our proposed interim deadlines, Plaintiffs will move to compel. We also ask that Defendants be able to inform us whether they will be changing their positions on any of Plaintiffs' Interrogatories and, if so, to provide a date by which they will supplement their answers.

We disagree with anything in your email suggesting that there is anything unreasonable about responding to a letter in four days—especially given your client's prior agreement to the December 22 deadline, which is now less than a week away—or any comments suggesting that Plaintiffs "mischaracterize[d]" our prior conversation. As we explained last Thursday, we have been trying for months to get your client's position on these long-outstanding issues. So while we appreciate your professed commitment to work constructively and understand the position that you are in, the fact remains that we are nearly four months into discovery and still do not have Defendants' position on basic discovery questions. So unless we can get a commitment tomorrow on the issues in our letter, we will have to involve Judge Kuo. That said, we look forward to productively discussing a path forward tomorrow.

Best,
Chase

**Chase H. Robinett**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 367-7802

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>
**Sent:** Monday, December 15, 2025 4:53 PM
**To:** Robinett, Chase H. <crobinett@kellogghansen.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>; McIntosh, Michael A <michael.mcintosh@skadden.com>; Lefkowitz, Jacob G <jacob.lefkowitz@skadden.com>; Nelson,

Timothy G. <timothy.g.nelson@skadden.com>; Bershteyn, Boris <boris.bershteyn@skadden.com>
**Cc:** SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; 'adam.goldstein@sparacinopllc.com' <adam.goldstein@sparacinopllc.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Wolosky, Lee <lwolosky@willkie.com>; Lichtman, Andrew <alichtman@willkie.com>; Bolas, Kathryn <kbolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; 'kjestin@jenner.com' <kjestin@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; 'sariail@jenner.com' <sariail@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Subject:** [EXTERNAL] RE: Foley/Finan/Black/Shirley v. Lafarge - December 11, 2025 Meet and Confer

Chase,

Thank you for your letter. I agree that the call on Thursday, December 11, was productive and very helpful to us as we get oriented and up to speed on the case. We look forward to working cooperatively with you and the many other lawyers representing Plaintiffs in the related cases with respect to our respective discovery obligations. And, as we discussed, we are hoping for a reset on the dialogue and the manner in which the parties have been interacting with one another. It is our hope that, as part of that reset, we can avoid lengthy discovery letters that mischaracterize conversations so that we can focus on the task at hand. Setting unilateral and unreasonable deadlines for things, such as demanding responses over a weekend, is not productive either. As we discussed, we understand Plaintiffs are frustrated by the pace of discovery to date, and we are moving expeditiously to get access to the database, digest a host of discovery requests and lengthy set of correspondence, and discuss numerous issues with our client (who is in a different time zone). It is not true that Skadden did nothing, but we need to review the materials they are providing to us and, as noted, we are taking a fresh look at some of the positions taken. We are speaking with our client this week and would propose a call with your team later in the week to move the ball forward. To briefly address some of the issues in your letter:

Pending discovery disputes: We do not agree there is an impasse on these issues and, indeed, we are working to resolve these issues in good faith. None of these issues seems particularly more pressing than the others, and we are assessing how we might reach a point of compromise on these requests. We also expect that each will implicate scope issues that will need to be folded into ongoing discussions about custodians and search terms. So, we do not believe there will be a need to involve Judge Kuo, and that it is, in any event, premature at this point. It would be mutually beneficial to see where things stand when we speak later this week, and if you still believe we need to send a short joint letter to the court asking for a telephonic conference, we will work with you on a joint letter.

Search terms and custodians: The rhetoric in this part of your letter is particularly inconsistent with the tone we are hoping to set here, and it is, at minimum, an incomplete rendition of our discussion and the record. In any event, what matters is what we discussed on the December 11 call about our mutual expectation that we will be able to make substantial progress on custodians this week, with search terms to follow.

Schedule for productions: As we discussed, we expect to begin making substantial productions early next year and your proposal for January 12th is consistent with that approach. As for when productions will be substantially complete, for reasons discussed, we

are not in a position to provide an estimate and suggest that we focus on getting the process started. I would note that we will, of course, also be following up on our outstanding discovery demands and serving additional discovery on Plaintiffs and we expect to work with you cooperatively on timing for your productions.

<u>Requests for specific documents:</u>  We are looking into each of these categories of documents, which we discussed on December 11. We are working to make progress on the first two categories (Project Alpha exhibits, redacted documents produced in jurisdictional discovery) in advance of the holidays. The third category may be more difficult until Defendants' French counsel are available. As you know, they are currently engaged in the trial.

Again, rest assured we are working diligently on these issues in good faith and we appreciate your frustration with the pace of things to date. Please give us more than a weekend to get up to speed and let's try to work together to move things forward expeditiously. Let us know your availability for a call later this week.

Regards,

Alyson

---

**From:** Robinett, Chase H. <crobinett@kellogghansen.com>
**Sent:** Friday, December 12, 2025 12:39 PM
**To:** Zureick, Alyson <Alyson.Zureick@wilmerhale.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Yi, Karis <Karis.Yi@wilmerhale.com>; McIntosh, Michael A <michael.mcintosh@skadden.com>; Lefkowitz, Jacob G <jacob.lefkowitz@skadden.com>; Nelson, Timothy G. <timothy.g.nelson@skadden.com>; Bershteyn, Boris <boris.bershteyn@skadden.com>
**Cc:** SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; 'adam.goldstein@sparacinopllc.com' <adam.goldstein@sparacinopllc.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Wolosky, Lee <lwolosky@willkie.com>; Lichtman, Andrew <alichtman@willkie.com>; Bolas, Kathryn <kbolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; 'kjestin@jenner.com' <kjestin@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; 'sariail@jenner.com' <sariail@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Subject:** RE: Foley/Finan/Black/Shirley v. Lafarge - December 11, 2025 Meet and Confer

**EXTERNAL SENDER**

Counsel,

I am recirculating the letter we sent yesterday, this time including counsel from Skadden.

Best,
Chase

**Chase H. Robinett**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 367-7802

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

**From:** Robinett, Chase H. <crobinett@kellogghansen.com>
**Sent:** Thursday, December 11, 2025 10:04 PM
**To:** alyson.zureick@wilmerhale.com; jonathan.paikin@wilmerhale.com; karis.yi@wilmerhale.com
**Cc:** SERVICE LAFARGE KELLOGG <SERVICELAFARGEKELLOGG@lists.kellogghansen.com>; Sparacino, Ryan <ryan.sparacino@sparacinopllc.com>; 'adam.goldstein@sparacinopllc.com' <adam.goldstein@sparacinopllc.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; Wolosky, Lee <lwolosky@willkie.com>; Lichtman, Andrew <alichtman@willkie.com>; Bolas, Kathryn <kbolas@willkie.com>; Jason P. Hipp <jhipp@jenner.com>; 'kjestin@jenner.com' <kjestin@jenner.com>; Bernstein, Alyssa G. <abernstein@jenner.com>; 'sariail@jenner.com' <sariail@jenner.com>; Caslin, Brent <bcaslin@jenner.com>; Toral, Todd C. <TToral@jenner.com>; Timothy Roehrs <TRoehrs@carlsonattorneys.com>
**Subject:** Foley/Finan/Black/Shirley v. Lafarge - December 11, 2025 Meet and Confer

Counsel,

Please see the attached correspondence.

Best,
Chase

**Chase H. Robinett**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 367-7802

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.