# Exhibit 4

Relevant excerpt from Defendants' December 9, 2025 Letter

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.
WASHINGTON, D.C. 20005-2111
———
TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(202) 371-7201
DIRECT FAX
(202) 661-8201
EMAIL ADDRESS
MICHAEL.MCINTOSH@SKADDEN.COM

December 9, 2025

**BY E-MAIL**

Chase H. Robinett
Kellogg, Hansen, Todd, Figel
 & Frederick P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, DC 20036

Re: Defendants' Responses and Objections to Plaintiffs' First Set of Merits Interrogatories in *Foley et al. v. Lafarge S.A. et al.*, No. 1:23-cv-05691-NGG-PK (E.D.N.Y.), *Finan et al. v. Lafarge S.A. et al.*, No. 1:22-cv-07831-NGG-PK (E.D.N.Y.), *Black et al. v. Lafarge S.A. et al.*, No. 1:24-cv-08901-NGG-PK (E.D.N.Y.), and *Shirley et al. v. Lafarge S.A. et al.*, No. 1:25-cv-04248-NGG-PK (E.D.N.Y.), and Defendants' Combined Supplemental Responses to Plaintiffs' Interrogatory Nos. 1, 3-7, and 10-12 in *Foley et al. v. Lafarge S.A. et al.* (E.D.N.Y.), *Finan et al. v. Lafarge S.A. et al.*, No. 1:22-cv-07831-NGG-PK (E.D.N.Y.), and *Fields v. Lafarge S.A. et al.*, No. 1:23-cv-00169-PGG-PK

Dear Mr. Robinett:

We write in response to your November 10, 2025 letter concerning Defendants' Responses and Objections to Plaintiffs' First Set of Merits Interrogatories ("Defs.' Nov. 7 Responses and Objections"), and Combined Supplemental Responses to Plaintiffs' Interrogatory Nos. 1, 3–7, and 10–12 ("Defs.' Nov. 7 Combined Supplemental Responses") in the above-captioned cases. Below we respond to each of the points raised in your November 10 letter ("Pls.' Nov. 10 Letter").

**Defendants' Responses and Objections to Plaintiffs' First Set of Merits Interrogatories**

***General Objection Nos. 3 & 5.*** Consistent with Defendants' November 14, 2025 letter regarding Plaintiffs' First Set of Merits Requests for Production in the *Finan* and *Foley* cases

Chase H. Robinett
December 9, 2025
Page 2

("Defs.' Nov. 14 Letter"), Defendants confirm that they will not limit any response to Plaintiffs' Interrogatories based solely on any objection under the French Blocking Statute or Swiss Blocking Statute as defined in General Objection No. 5. *See id.* at 1.

Defendants further confirm that they are not otherwise presently limiting any response to Plaintiffs' Interrogatories based solely on General Objections Nos. 3 and 5. However, Defendants reserve all rights to renew those Objections as applicable in the future, including but not limited to the attorney-client privilege, work-product doctrine, and the GDPR.

***General Objection No. 4.*** Defendants confirm that unless otherwise stated in a Specific Objection, they are not presently limiting any response to Plaintiffs' Interrogatories based solely on General Objection No. 4.

***General Objection No. 6.*** General Objection No. 6 memorializes Defendants' position that they will not disclose any information in response to Plaintiffs' First Set of Merits Interrogatories that falls within the scope of its General or Specific Objections thereto. It further asserts that any such information provided or produced is inadvertent and does not constitute waiver of any of those Objections. However, Defendants confirm that they are not presently limiting any response to Plaintiffs' Interrogatories based solely on General Objection No. 6.

***General Objection Nos. 8–9.*** Defendants confirm that unless otherwise stated in a Specific Objection, they are not presently limiting any response to Plaintiffs' Interrogatories based solely on General Objections Nos. 8–9. However, Defendants reserve all rights to renew these Objections as applicable in the future.

***Objection to the Definition of "Account."*** Defendants reiterate their Objection to Plaintiffs' Definition of "Account." To the extent that Plaintiffs seek to define "Account" to include Accounts of "any subsidiary, affiliate, or Agent" of Defendants, that definition is plainly overbroad and seeks discovery not "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1).

Consistent with Defendants' November 14 Letter, Defendants confirm that they are not presently withholding any information in response to any Interrogatory solely on the basis that it relates to LMEA (or another "subsidiary, affiliate, or Agent" of Defendants). However, Defendants are obligated only to "search for and disclose information that is within their possession, custody, or control" in response to Plaintiffs' Interrogatories, *see* Defs.' Nov. 7 Responses & Objections at 7. Defendants thus preserve and maintain their objections to such Interrogatories on that basis (as well as any others that may apply, including based on relevance).

***Objection to the Definition of "Agent."*** Defendants stand by their Objection to Plaintiffs' definition of "Agent."

To the extent that Plaintiffs seek to define "Agent" to include "'Financial Institutions' with whom Defendants 'hold, held, maintain, or maintained an Account,'" that definition is again plainly overbroad, legally improper, and seeks discovery not "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1). Plaintiffs are wrong that such Financial Institutions "are no doubt Defendants' 'agents' for purposes of holding those accounts," Pls.' Nov. 10 Letter, at 3. Plaintiffs' letter provides no support for this assertion, and their Complaints are otherwise devoid of any allegations to support the notion that any applicable "agency" relationship existed between

Defendants and any financial institution. *See, e.g., Spetner v. Palestine Inv. Bank*, 70 F.4th 632, 640 (2d Cir. 2023) (in the context of evaluating personal jurisdiction over a foreign bank, holding that principal-agent relationship existed between that bank and a domestic correspondent bank only based on evidence sufficient to show the foreign bank's significant "control" over the domestic bank).

As such, Plaintiffs' attempt to smuggle an (incorrect) legal conclusion into its overbroad definition of "Agent" is improper. Moreover, Plaintiffs are free to otherwise request that Defendants provide information pertaining to financial institutions (or any entity that they believe is or was Defendants' "agent"), which Defendants will address on a case-by-case basis.

***Objection to the Definition of "Taleb."*** Defendants confirm that, for purposes of responding to Plaintiffs' Interrogatories, they will interpret "Taleb" as set out in their November 14 Letter.

***Objection to the Definition of "You" and "Your."*** Defendants reiterate their Objection to Plaintiffs' overbroad definition of "You" and "Your", to the extent that Plaintiffs' definition purports to encompass any entities beyond the specific Defendants in this case.

To the extent that Plaintiffs' November 10 Letter specifically calls out the exclusion of LMEA from this definition, *see* Pls.' Nov. 10 Letter, at 3, the same explanation applies. Although Defendants are not withholding information in response to Plaintiffs' Interrogatories solely on the basis that any Interrogatory requests information pertaining to LMEA, *see* Defs.' Nov. 14 Letter, at 2, LMEA is not a Defendant to this action, but is instead a separate company. Plaintiffs' November 10 Letter thus provides no basis to support broadening the term "You" and "Your" to include LMEA.

***Objection to Instruction No. 3.*** Consistent with their November 14 Letter, Defendants confirm that for purposes of responding to Plaintiffs' Interrogatories Nos. 16 through 19, they agree to define the "Relevant Time Period" as spanning from and including January 1, 2011 through and including December 31, 2015. Defs.' Nov. 14 Letter, at 2. For the avoidance of doubt, Defendants confirm that this limitation does not apply to their response to Interrogatory No. 20. Finally, Defendants address Interrogatory No. 15 below in full, which is deficient irrespective of any "relevant time period" to be applied.

***Interrogatory No. 15.*** For a number of reasons, Interrogatory No. 15 is plainly deficient and improper under the Federal Rules of Civil Procedure. Plaintiffs' November 10 Letter does little to address or ameliorate these deficiencies.

As Defendants have previously explained, *see* Defs.' Nov. 14 Letter, at 6, the Court has made clear that Plaintiffs have not plausibly alleged that Defendants' cement sales "assisted with the attacks that caused Plaintiffs' or their relatives' injuries." *Finan v. Lafarge S.A.*, 2025 WL 2504317, at *19 (E.D.N.Y. Aug. 29, 2025). As such, Interrogatory No. 15 seeks no information that is "relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), and thus does not merit any further response.

Even were this not the case, Interrogatory No. 15—again like its counterpart RFPs—is overbroad, unduly burdensome, and disproportionate to the needs of this case. Plaintiffs' demand

Chase H. Robinett
December 9, 2025
Page 4

that Defendants "promptly" research, examine, and provide detailed information regarding "every sale of cement" over a multiyear period—at the very start of merits discovery—is far too broad even under Plaintiffs' rationale. Indeed, Plaintiffs provide no explanation why information regarding sales to customers having no affiliation with ISIS or ANF is relevant to the alleged conspiracy to provide material support to ISIS or ANF.

In any event, Defendants would be under no obligation "to engage in extensive research and compilation" to respond to this Interrogatory, particularly, where, as here, "the purpose of [Plaintiffs'] effort is to assist [them] in the preparation of [their] case." *Halder & Int'l Tel. & Tel. Co.*, 75 F.R.D. 657, 658 (E.D.N.Y. 1977) (concluding that the burden posed to defendant by plaintiff's overbroad interrogatory "far outweigh[ed] the limited probative value this information would have on the case"). Because Plaintiffs have made "no effort to limit [Interrogatory No. 15] to any relevant acts alleged in this action," it is plainly deficient under the Federal Rules, even if the information it seeks were relevant to its lone remaining claim (which it is not). *Kennedy v. Pharmacal Corp.*, 2013 WL 1966219, at *2 (E.D.N.Y. May 13, 2013).

Moreover, Interrogatory No. 15 is premature, duplicative, and cumulative given that it seeks information identical to that otherwise encompassed by Plaintiffs' document requests. *See* Plaintiffs' Requests for Production Nos. 35–37. As such, even if discovery into the requested issues were warranted (and it is not), Plaintiffs would have equal opportunity to obtain the information they seek through Defendants' documentary responses to those requests, through which they can ascertain it in a manner that is far more "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also Shorter v. Baca*, 2013 WL 12131270, at *4-7 (C.D. Cal. Oct. 31, 2013) (holding that defendant was not required to respond to Interrogatories that were "unreasonably cumulative or duplicative" of accompanying document requests); *see also* Wright & Miller, Fed. Prac. & Proc. § 2174 (3d ed.) ("A party cannot ordinarily be forced to prepare its opponent's case."); *Halder*, 75 F.R.D. at 658 (same).

***Interrogatory Nos. 16–17.*** For similar reasons, Interrogatory Nos. 16–17 are deficient as written.

As with Interrogatory 15, these Interrogatories are overbroad, unduly burdensome, and disproportionate to the needs of this case. Again, at the outset of merits discovery, Interrogatory No. 16 broadly requests that Defendants identify and provide detailed information regarding "*every*" customer-distributor for which Defendants allegedly agreed to discount cement sales; Interrogatory No. 17 requests that Defendants "[d]escribe in detail" an indeterminate number of payments "to and for the benefit of ISIS and ANF." Again, these Interrogatories impose on Defendants the outsized burden of "engag[ing] in extensive research and compilation" to provide adequate responses, *Halder*, 75 F.R.D. at 658—a burden that exists regardless of how much of the information compiled and reviewed is ultimately responsive to Plaintiffs' Interrogatories. And in demanding that Defendants expeditiously present this comprehensive summary of such information to supposedly support Plaintiffs' allegations, these Interrogatories again improperly ask Defendants to "prepare" their case for them. *Id.*; *see also* Wright & Miller, Fed. Prac. & Proc. § 2174 (3d ed.) ("A party cannot ordinarily be forced to prepare its opponent's case."). All this is far afield from the proper scope of interrogatory practice.

Once again, against this backdrop, these Interrogatories are premature, duplicative, and cumulative given that they also seek information identical to that encompassed by Plaintiffs' document requests. *See* Plaintiffs' Merits Request for Production ("Merits RFP") No. 15 (broadly requesting documents pertaining to Defendants' alleged payments to ISIS and ANF); *see also* Plaintiffs' Merits RFP No. 93 (requesting documents regarding topics identical to Interrogatory No. 16); Request for Production No. 94 (requesting documents regarding topics identical to Interrogatory No. 17). As such, to the extent that Defendants produce documents responsive to those Requests—which they have agreed to do in part—Plaintiffs will in turn have equal opportunity to obtain the information they seek in a manner that is far more "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also Shorter*, 2013 WL 12131270, at *4–7 (holding that defendant was not required to respond to Interrogatories that were "unreasonably cumulative or duplicative" of accompanying document requests; Wright & Miller § 2174 ("A party cannot ordinarily be forced to prepare its opponent's case."); *Halder*, 75 F.R.D. at 658 (same).

Finally, Interrogatory No. 17 purports to require that Defendants "describe in detail" the aforementioned "various payments . . . to and for the benefit of ISIS and ANF." Interrogatories, however, are improper when wielded to seek such "narrative information," which is more appropriately garnered "at a deposition" or through other means. *Kennedy*, 2013 WL 1966219, at *1; *see also In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 n.2 (2d Cir. 2003) ("District courts have . . . typically treated oral depositions as a means of obtaining discoverable information that is preferable to written interrogatories.").

***Interrogatory Nos. 18–19.*** Interrogatory Nos. 18–19 are improper for the same reasons described above. These Interrogatories demand that Defendants conduct an exhaustive, burdensome, and premature effort to compile information regarding "every instance" in which ISIS or ANF inflicted or threatened harm on Defendants' personnel. They do so notwithstanding Plaintiffs' pending document requests seeking the exact same information, to which Defendants have agreed in principle to produce responsive documents. *See* Plaintiffs' Requests for Production Nos. 34, 95. And in requiring that Defendants "describe" these instances "in detail," these Interrogatories again improperly attempt to elicit narrative information more appropriately garnered through other means of discovery.

For the avoidance of doubt, Defendants do not "stipulate that they do not intend to argue that they paid ISIS and ANF to protect the physical safety of their employees or as a response to terrorist threats and violence." Pls.' Nov. 10 Letter, at 6.

***Interrogatory No. 20.*** Without conceding the relevance of the information requested in Interrogatory No. 20, or waiving any objections thereto, Defendants will supplement their response to Interrogatory No. 20 with additional information sufficient to address Plaintiffs' concerns.

### Defendants' Combined Supplemental Responses to Plaintiffs' Interrogatory Nos. 1, 3–7, and 10–12

Below, Defendants address Plaintiffs' assertions regarding alleged deficiencies in their Nov. 7 Combined Supplemental Responses. As an initial matter, however, Defendants strongly contest Plaintiffs' suggestion that these Responses reflect "delay[]", "fail to move this case forward," and do not comport with the Court's direction on how to proceed with this case. Pls.'