KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

March 6, 2026

*Via ECF*

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court for the
Eastern District of New York
Room 1426 S
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Foley et al. v. Lafarge S.A. et al.*, No. 1:23-cv-05691-NGG-PK (E.D.N.Y.); *Black et al. v. Lafarge S.A. et al.*, No. 1:24-cv-08901-NGG-PK (E.D.N.Y.)

Dear Judge Garaufis:

      The Court should deny Defendants' proposed motion (Dkt. 145) for leave to amend their answer. Long after the court-ordered deadline to amend pleadings, Defendants now seek permission to amend their answer to include three new affirmative defenses they could have attempted to raise at the outset: withdrawal, necessity, and duress. That request is procedurally improper and substantively flawed. The Court should reject this amendment because (1) Defendants' untimely request does not meet Rule 16's "good cause" standard; (2) at least two of the proposed defenses conflict with Defendants' guilty plea in their criminal case and binding admissions in these cases; and (3) amendment would be futile.

      **1.  Defendants Fail to Establish Good Cause for Their Untimely Amendment**

      The Court's Scheduling Order set a November 26, 2025 deadline for any party to amend the pleadings, Dkt. 104, and Defendants fail to show good cause to amend now. Although Federal Rule of Civil Procedure 15(a)(2) directs that "court[s] should give leave to amend 'freely,'" the period of "liberal amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted." *Zap Cellular, Inc. v. Weintraub*, 2024 WL 1659905, at *2 (E.D.N.Y. Apr. 17, 2024) (citation omitted). The stricter "Rule 16(b) 'good cause' standard . . . governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 407 (S.D.N.Y. 2020). Consistent with Rule 16(b)(4), the Scheduling Order permits amendment "only upon a showing of good cause based on circumstances not

foreseeable as of the date of this order."  Good cause "depends on [Defendants'] diligence," and "when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline, no good cause justifies granting such an untimely request." *Feuer v. Cornerstone Hotels Corp.*, 2017 WL 3841841, at *4 (E.D.N.Y. Aug. 4, 2017) (cleaned up).

The affirmative defenses Defendants seek to add – withdrawal, necessity, and duress – all appear to rest on facts Defendants have known for nearly a decade.  For instance, Defendants say they abandoned the cement plant in September 2014 – the event they now allege marks their withdrawal from the conspiracy.  *See United States v. Lafarge S.A. et al.*, No. 1:22-cr-00444-WFK (E.D.N.Y.), Dkt No. 10-1, Statement of Facts ("SOF") at ¶ 19.  Defendants cannot maintain that they only recently discovered this information.  Elsewhere, Defendants' parent company Holcim stated publicly in 2017 that Defendants paid terrorist groups out of concern for the "safety and security" of their employees – the very fact they now claim supports their necessity and duress defenses.  *Id.* at ¶ 110.  Defendants could have asserted these defenses long ago – not three months after the deadline.  That is reason enough to deny this motion.  *See*, *e.g.*, *CWS Invs., Inc. v. Manners*, 2025 WL 2161240, at *5-6 (E.D.N.Y. Mar. 8, 2025) (denying motion to amend answer based on multi-month delay); *Hudson Techs., Inc. v. RGAS, LLC*, 2022 WL 1644913, at *1 (S.D.N.Y. May 24, 2022) (same where "amendments concern[ ] matters about which [defendant] knew or should have known when it filed its initial Answer"); *Trident Int'l v. Am. S.S. Owners Mut. Prot.& Indem. Ass'n*, 2007 WL 9818003, at *2 (S.D.N.Y. Nov. 29, 2007) (same where defense turned on "Defendant's own language" in previous documents).

Defendants point (at 2) to their inclusion of these defenses in later-filed answers in other cases and assert the good cause standard "is met here."  But they offer no authority for the proposition that timely filings in one case permit violating court-ordered deadlines in another.  The *Foley* and *Black* Plaintiffs have been litigating these cases for more than five months based on the answer Defendants filed here.  Defendants' effort (at 1) to "ensure consistency" across related cases and "conform the pleadings" (at 2) has it backwards.  Consistency is what Defendants pleaded in their earlier answers.  Indeed, they omitted these defenses from *five of the seven* related cases in which Defendants have filed an answer, and only just included them in the final two filed just last week.  Defendants cannot "conform" pleadings by adding new defenses midway through discovery.

In any event, the plaintiffs in those final two cases intend to move to strike the new defenses – a more appropriate way to ensure "consistency" across the cases than allowing untimely amendments more than halfway through discovery.  And contrary to Defendants' assertion (at 2), we are not "early in the discovery process."  We are now more than halfway through fact discovery, which opened on August 29, 2025 and closes on September 11, 2026.  Amendment at such a late stage would prejudice Plaintiffs.  *See also FDIC v. Horn*, 2015 WL 1611995, at *11-14 (E.D.N.Y. Apr. 8, 2015) (prejudice not required to deny amendment).

### 2. The Proposed Defenses Conflict With Defendants' Binding Admissions

Defendants' binding admissions also foreclose at least two of these untimely defenses. In these cases, Defendants admitted that "the factual allegations set forth in the Statement of Facts [filed with their guilty plea] are true and correct." Ex. A, Def. R&Os to Pltfs. First Set of RFAs No. 2; *see SEC v. Collector's Coffee Inc.*, 2023 WL 8280531, at *5 (S.D.N.Y. Nov. 30, 2023) (RFA responses are "sworn evidence that is binding upon the respondent"). Many of those facts preclude the defenses Defendants now seek to raise. For example, Defendants' necessity defense defies its admissions that, "[w]hile other multinational corporations withdrew from and ceased operations in Syria," Defendants' executives "negotiated agreements" with terrorist groups "to ensure continued operation of the Jalabiyeh Cement Plant, and to obtain economic advantage over their competitors in the Syrian cement market." SOF ¶ 15.

Defendants cannot reconcile their defenses with that admission. Necessity requires, among other things, that Defendants "did not negligently or recklessly place [themselves] in a situation" where they would be required to engage in unlawful conduct *and* that Defendants "had no reasonable legal alternative to violating the law." *United States v. White*, 552 F.3d 240, 247 (2d Cir. 2009). Likewise, duress requires that a coercive threat facing Defendants posed "a real emergency leaving no time to pursue any legal alternative." *United States v. Pestana*, 865 F. Supp. 2d 357, 361 (S.D.N.Y. 2011). Defendants' binding admissions – which led them to plead guilty to conspiring to provide material support to ISIS and ANF – foreclose them from meeting those elements. Contrary to both a necessity and a duress defense, Defendants admitted that they structured their agreements with ISIS to "incentiviz[e] ISIS to act in a manner that would promote" Defendants' interests. SOF ¶ 15. Far from being coerced, Defendants "methodically approved" the agreements and were "satisfied about them." *Id.* ¶ 16. The Court should deny the amendment for that reason too. *See*, *e.g.*, *Columbus Bank & Tr. v. Mckenzie Trucking & Leasing LLC*, 2009 WL 3526648, at *3-4 (M.D. Ga. Oct. 23, 2009) (denying motion to amend answer that would "repudiate and contradict" previous "binding admission[s]" of fact); *Harris Corp. v. McBride & Assocs., Inc.*, 2002 WL 1677695, at *2 (W.D.N.Y. July 19, 2002) (denying leave to amend answer where amendment would be futile because inconsistent with defendant's prior "binding" admission).

### 3. Amendment Would Be Futile

Leave to amend is also inappropriate because the proposed amendment would be futile. Even under the more liberal Rule 15(a)(2) standard (which does not apply here), courts deny leave to amend to add affirmative defenses when the proposed amendment "would be futile or is unlikely to be productive." *Great Lakes Reinsurance (UK) SE v. Herzig*, 2020 WL 7080975, at *3-5 (S.D.N.Y. Aug. 25, 2020) (cleaned up). Admissions aside, Defendants have not shown that they can plead facts sufficient to support these defenses. If the Court permits Defendants to file this wasteful motion, Plaintiffs will oppose it on this basis too.

                                    Respectfully submitted,

                                    */s/ Joshua D. Branson*
                                    Joshua D. Branson (*pro hac vice*)
Andrew E. Goldsmith (No. 4312740)
Kellogg, Hansen, Todd,
  Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
jbranson@kellogghansen.com
agoldsmith@kellogghansen.com

*Counsel for Foley and Black Plaintiffs*

Lillian V. Smith (*pro hac vice*)
Christopher C. Goodnow (*pro hac vice*)
James A. Ruck (*pro hac vice*)
Eric J. Maier (*pro hac vice*)
Chase H. Robinett (*pro hac vice*)
Kellogg, Hansen, Todd,
  Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
lsmith@kellogghansen.com
cgoodnow@kellogghansen.com
jruck@kellogghansen.com
emaier@kellogghansen.com
crobinett@kellogghansen.com

*Counsel for Foley Plaintiffs*