WILMERHALE

September 27, 2026—By ECF

David W. Bowker

+1 202 663 6558 (t)
+1 202 663 6363 (f)
david.bowker@wilmerhale.com

The Honorable Peggy Kuo
United States Magistrate Judge
United States District Court for the
Eastern District of New York
United States Courthouse
225 Cadman Plaza East,
Brooklyn, NY 11201

Re: Report on September 24, 2026 Deposition of Jean-Marc Golberg and Request for Guidance Regarding Future Depositions in:
*Black, et al. v. Lafarge, et al.*, No. 1:24-cv-08901-NGG-PK
*Finan, et al. v. Lafarge, et al.*, No. 1:22-cv-07831-NGG-PK
*Foley, et al. v. Lafarge, et al.*, No .1:23-cv-05691-NGG-PK
*Murad, et al. v. Lafarge, et al.*, No. 1:23-cv-09186-NGG-PK
*Shirley, et al. v. Lafarge, et al.*, No. 1:25-cv-04248-NGG-PK
*Stallter, et al. v. Lafarge, et al.*, No. 1:25-cv-06749-NGG-PK
*Goldman, et al. v. Lafarge, et al.*, No. 1:24-cv-01043-NGG-PK
*Fields, et al. v. Lafarge*, No. 1:23-cv-00169-NGG-PK
*Wilson, et al. v. Lafarge, et al.*, No. 1:25-cv-01975-NGG-PK

Dear Judge Kuo:

Defendants respectfully submit this report to confirm that the September 24 deposition in France proceeded without any interference, in strict accordance with the Court's September 23 Minute Entry and Order. French-appointed Commissioner Alexander Blumrosen performed the formal acts required by the French authorization and did not otherwise participate in or interfere with the examination, consistent with this Court's orders, the Federal Rules, and the applicable provisions of Chapter II of the Hague Convention.

Defendants write to apprise the Court of four discrete issues arising during the deposition that Defendants respectfully submit warrant the Court's guidance and clarification for the benefit of depositions that remain to be taken: (1) Plaintiffs' interpreters made numerous material errors that will require correction; (2) Plaintiffs required the witness and defense counsel to proceed for nearly ten hours after lunch without a meal break; (3) Plaintiffs challenged the witness's right to confer with counsel during a natural break when no question was pending; and (4) the remote examination by Plaintiffs' counsel from Willkie Farr & Gallagher LLP ("Willkie") substantially exceeded the agreed period. With additional depositions approaching and the need for guidance going forward, Defendants respectfully request that the Court address these issues as the Court sees fit at the September 28 status conference.

## I. The French Commissioner Fully Complied With the Court's Order and Limitations

The French Commissioner administered the oaths to Mr. Golberg and the interpreters, marked the first exhibit, and briefly explained the Hague notice before announcing that his "intervention [would] be over." Consistent with this Court's orders and the parties' commitments, he thereafter took no part in the examination: he did not ask any questions, did not rule on any objections, did not supervise counsel, and did not otherwise participate or interfere in the proceeding. At about 5:30 p.m., he left the room as planned and attended by Zoom, without participating, interrupting, or otherwise affecting the proceedings. In Defendants' view, the French Commissioner performed his role fully consistent with this Court's Order and limitations.

## II. Issues Warranting the Court's Guidance for Remaining Depositions

***First*, it is the duty of the deposing party to retain competent interpreters who can accurately translate the witness's testimony.** Regrettably, Plaintiffs' interpreters at the deposition of Mr. Golberg were unable to perform their duties without material errors in the translations that will require substantial additional work by more competent translators to review and correct. Plaintiffs' interpreters appeared to try in good faith to accurately translate Mr. Golberg's testimony, but were too slow and imprecise to create an accurate transcript. They omitted substantial portions of that testimony and made numerous material errors that altered the meaning of Mr. Golberg's answers on significant subjects. As a result, the transcript will require substantial correction by certified translators reviewing the video and audio recordings. Paragraph 28 of the Court-ordered Deposition Protocol required Plaintiffs to secure a "qualified and official" interpreter. Because all parties share an interest in an accurate record, Defendants have retained an independent, certified translation service to review the videotaped deposition and identify the necessary corrections. Defendants will provide Plaintiffs with a proposed corrected transcript and a redline of those corrections. Defendants respectfully request that the Court direct the parties to meet and confer concerning the proposed corrections by reference to the video and audio recordings and to present only genuinely unresolved translation disputes to the Court.

***Second*, it is the duty of the deposing party to allow the witness to take reasonable breaks for meals and to split any 14-hour deposition into two days.** Mr. Golberg's deposition on Thursday, September 24, lasted from 9:24 a.m. until 11:50 p.m.—*i.e.*, more than 14 hours from start to finish. The six-hour difference between Paris and New York compounded the scheduling difficulty: accommodating remote participation by Plaintiffs' lawyers who conducted their questioning from the United States extended proceedings for the witness and the participants in Paris until nearly midnight local time. Paragraph 15 of the Court-ordered Deposition Protocol separately limits testimony to seven on-record hours and requires the examination to continue on a second day unless the parties, witness, reporter, and videographer agree otherwise; here, no such agreement was reached. The Court's September 23 Minute Entry and Order also warned against "unduly prolonging the deposition." Sept. 23, 2026 Minute Entry & Order; Revised Order ¶ 8 (Dkt. 232). Defendants did not obstruct the examination, and Mr. Golberg answered questions throughout the extraordinarily long day. At 9:31 p.m., Defendants noted that no food had been available for seven-and-a-half to eight hours and that they had taken a 30-minute break to walk to a market for a snack, which the witness had no time to eat.

Plaintiffs nevertheless criticized that short break as delay and refused any break for dinner. By 11:43 p.m., nine hours and forty-three minutes had passed since the participants had eaten a meal. The witness was understandably hungry and exhausted. Defendants respectfully request clarification that, absent the agreement required by Paragraph 15, future examinations must conclude for the day after seven on-record hours and must include reasonable meal breaks that are not a basis for threats of sanctions and do not count against the witness's examination time.

***Third*, the deposing party may not force a witness to disclose the substance of privileged attorney-client communications during a natural break, with no question pending.** Courts in this Circuit generally recognize that attorney-client communications during a natural deposition break, when no question is pending, are privileged. *See, e.g.*, *Pape v. Suffolk Cnty. Soc'y for Prevention of Cruelty to Animals*, 2022 WL 1105563, at *4–5 (E.D.N.Y. Apr. 13, 2022). Plaintiffs nevertheless demanded the substance of the communications—"What did you talk about?"—asserted that the communications "are not privileged," and questioned counsel's instruction that the witness need not answer. In the face of Plaintiffs' badgering of the witness on the subject, Defendants' counsel ultimately permitted Mr. Golberg to answer whether he had discussed the substance of his testimony, to which he answered unequivocally, "no." Plaintiffs' counsel continued to try to make it an issue, such that the dispute consumed considerable time, late at night, with Plaintiffs' counsel threatening an emergency application to the Court, despite the witness's testimony disposing of the issue. Defendants respectfully request that the Court confirm that counsel may confer with a witness during a natural break when no question is pending and that any privileged discussions are generally off limits, absent some compelling reason to inquire.

***Fourth*, the deposing party must adhere to the parties' agreements and accommodations, including time limits on remote counsel's examination.** The Deposition Protocol in this case requires deposing counsel to be present in the room for the deposition. Plaintiffs' counsel from Willkie sought an exception to that rule in this case, which Defendants granted as a professional courtesy, provided that counsel agreed to limit such questioning to 30 minutes. Willkie agreed with that limitation, but then substantially exceeded that agreed period by questioning Mr. Golberg remotely, late into the night, for nearly three times that amount of time. Willkie began its examination at approximately 7:46 p.m., after the participants in Paris had already spent about seven-and-a-half hours on the record conducting or defending Mr. Golberg's deposition. The arrangement thus permitted counsel on the East Coast to commence a new examination after the witness and Paris-based counsel had already participated for a full day and were continuing late into the evening. At 9:31 p.m., Defendants noted that the examination had lasted approximately two-and-a-half times the agreed period: after 40 minutes, Willkie counsel represented that only a few questions remained but continued for roughly another 40 minutes. The extended examination prolonged the proceeding and compounded the burden on the witness and Paris-based participants. Defendants respectfully request that any remote questioning at future depositions occur only upon advance agreement and remain subject to the agreed time limit unless all parties expressly consent to an extension.

* * * * *

With additional depositions approaching, Defendants respectfully request that the Court enforce the terms of the parties' Deposition Protocol and provide the following guidance to the parties:

(1) reaffirm Paragraph 28's requirement that the deposing party retain qualified and official interpreters and direct the parties to meet and confer over proposed transcript corrections for Mr. Golberg's deposition by reference to the video and audio recordings;

(2) reaffirm Paragraph 15's seven-hour limit absent the agreement specified in that provision and direct that future depositions over that limit be split into two days, as appropriate, and include reasonable meal breaks;

(3) clarify that counsel may confer with a witness during a natural break when no question is pending without forfeiting the attorney-client privilege; and

(4) direct that any agreed remote questioning remain within the agreed time limit absent express consent to an extension.

The requests concerning qualified interpreters and the seven-hour limit reaffirm the Deposition Protocol to which the parties agreed and which the Court ordered. The remaining requests seek practical guidance concerning issues that arose during the September 24 deposition so that similar disputes do not recur. Defendants respectfully ask that the Court address these matters at the upcoming September 28 status conference, before the remaining depositions. This limited guidance will protect the accuracy of the record, avoid unnecessary burdens on witnesses and counsel, and permit the remaining depositions to proceed efficiently. Defendants remain committed to cooperating toward that end.

Given that the four-day interval between the September 24 deposition and the September 28 status conference falls over a weekend, Defendants are submitting this report without first conferring with Plaintiffs so that the Court may provide timely guidance before the remaining depositions. Defendants remain willing to meet and confer with Plaintiffs regarding the implementation of any guidance the Court provides.

Respectfully submitted,

Alyson Zureick
Erin Hughes (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8875 (t)
(212) 230-8888 (f)
alyson.zureick@wilmerhale.com
erin.hughes@wilmerhale.com

/s/ David W. Bowker
David W. Bowker
Jonathan E. Paikin
Albinas Przigintas (*pro hac vice*)
Michaela Wilkes Klein (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
(202) 663-6000 (t)
(202) 663-6363 (f)
david.bowker@wilmerhale.com

jonathan.paikin@wilmerhale.com
albinas.prizgintas@wilmerhale.com
michaela.wilkesklein@wilmerhale.com

*Attorneys for Lafarge S.A., Lafarge Cement Holding Limited, and Lafarge Cement Syria S.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by ECF.

Dated: September 27, 2026

/s/ David W. Bowker
DAVID W. BOWKER